FIRST NATIONAL BANK OF KANSAS CITY v. CHARLES S. GRIFFIN et als.

(Filed 21 September. 1910.)

In an action brought by plaintiff bank against the makers of a promissory note, the defense, supported by evidence, being that the paper was procured by false representations and fraud in the procurement by the payee, there was uncontradicted evidence on the part of the plaintiff, through its officers, that it was an endorsee, for value, before maturity, without notice of infirmity of the paper, if any there was. An instruction to the jury, that if they should find all the facts to be as testified by the witnesses in the case, they should answer the issue for the plaintiff. *Held*, correct. *Bank v. Fountain*, 148 N. C:, 590, approved and applied.

APPEAL from *G. W. Ward, J.*, at the May Term, 1910, of BERTIE.

Plaintiff's endorsees, and claiming to be holders, in due course, sued upon the following instrument:

"WINDSOR, N. C., 18 December, 1907.

"1 July, 1909, after date, for value received, we jointly and severally promise to pay McLaughlin Bros., or order, fifteen hundred dollars, at the Bank of Windsor, N. C., with interest at six per cent per annum, payable annually. (Signed) Griffin Bros. and fourteen others," upon which note was endorsed a payment of one hundred dollars, and which said note was endorsed by "McLaughlin Bros." There was allegation with evidence on part of defendants tending to show that the note was procured from defendants by false and fraudulent representations on the part of the payees. In reply, plaintiffs offered evidence on the part of the officers of the bank tending to show that said bank was an endorsee for value and a holder in due course of the instrument sued on.

The exception presented, with the attendant facts and relevant evidence is stated in the case on appeal as follows: The plaintiff then introduced the depositions of the president, the cashier and discount teller of the plaintiff bank, who testified as follows: "That the plaintiff bank is a corporation doing a banking business in Kansas City, Mo., and that said bank purchased the note sued on in this action of McLaughlin Bros., the payees of the said note, before its maturity, to-wit, in February, 1909, and for value; that the said note was purchased and taken by the plaintiff bank in due course, and the said bank and none of its officers or agents had any knowledge of the said McLaughlin Bros. or any agent of theirs, if any were made, or any equities whatever in favor of the defendants, or any other defenses set up by the defendants, in their answer." They further testified that the plaintiff bank purchased said note in regular course of business, in good faith, without any notice of any defects in its execution or of any equities in favor of the defendants, and that it paid full value for said note, less the usual discount; that on the date of its purchase by the plaintiff the amount due on said note was fifteen hundred and twenty-nine and 02-100 dollars, and that plaintiff paid for same fourteen

hundred and eighty-eight dollars, which was the full amount due thereon, less the regular discount of six per cent, which discount amounted to $41.02; that said McLaughlin Bros. endorsed said note to the plaintiff bank, and the amount of the purchase, to-wit, $1,488, was placed to the credit of said McLaughlin Bros. upon the books of the bank, and by them checked out in the regular course of their business; that McLaughlin Bros. are, and have been for several years, regular customers of the bank, and Mr. William McLaughlin, of the firm of McLaughlin Bros., resides in Kansas City.

Upon cross-examination the witnesses stated that they knew McLaughlin Bros.; that they were solvent, and had been for many years customers of the bank, but they did not know any one of the makers of the said note and knew nothing of their financial standing.

Here the plaintiff rested. Whereupon the defendants offered evidence tending to show that the agent of McLaughlin Bros., who took the note, made the representations to the defendants set out in the answer, and that these representations were false, and they were induced to sign the said note on account of the said representations. Here the defendants' counsel stated that the defendants had no evidence to offer upon the question of plaintiff's being a holder in due course. The court charged the jury, if they should find all the facts to be as testified by the witnesses in this case, they should answer the issue "Yes."

There was verdict for plaintiff for the amount due on note. Judgment on verdict and defendants excepted and appealed.

*Winston & Matthews* for plaintiff.
*Pruden & Pruden, Gilliam & Davenport* and *S. Brown Shepherd* for defendants.

HOKE, J., after stating the case. This case is governed by the decision of the Court in *Bank v. Fountain,* 148 N. C., p. 590, and affords a good illustration of the principles declared and approved in that opinion. A new trial was granted in *Fountain's case* for the reason that after evidence had been offered tending to show fraud in the procurement of the note and the president

of the bank in reply had testified in substance that the bank had purchased the note in due course and was endorsee for value before maturity and without notice, the judge below charged the jury, among other things, that the *prima facie* case of plaintiff, the holder of the note, had been restored by the uncontradicted evidence of the president of the bank that it had acquired the note in the usual course of business before maturity and without notice of any vice in it, thereby erroneously invading the province of the jury by assuming that the evidence of the bank president was true and should be so accepted by them. After holding that this was reversible error in the trial below the Court in the opinion, speaking further to the subject, said:

"It may be that when fraud is established in procuring the instrument or there has been evidence offered tending to establish it, if the plaintiff, as he is then required to do, should lay before the jury all the evidence available as to the transaction, and it should thereby appear with no evidence to the contrary and no other fair or reasonable inference permissible, that plaintiff was the purchaser of the instrument in good faith, for value, before maturity and without notice the court could properly charge the jury if they 'believed the evidence' or if they 'found the facts to be as testified'—a more approved form of expression—they would render a verdict for plaintiff. But here, the fraud having been established or having been alleged, and evidence offered to sustain it, the circumstances and *bona fides* of plaintiff's purchase were the material questions in the controversy; and both the issue and the credibility of the evidence offered tending to establish the position of either party in reference to it was for the jury and not for the court. *State v. Hill,* 141 N. C., 771; *Riley's case,* 113 N. C., 650."

And in concluding the opinion, the Court again stated the position as follows: "If when all the facts attendant upon the transaction are shown, there is no fair or reasonable inference to the contrary permissible, the judge could charge the jury, if they believed the evidence, to find for plaintiff, the burden in such case having been clearly rebutted. But the issue itself and the credibility of material evidence relevant to the inquiry is

for the jury, and it constitutes reversible error for the court to decide the question and withdraw its consideration from the jury."

The facts presented bring the present case clearly within the principles stated. All the officers of the bank who were conversant with the matter testified in effect that the bank was an endorsee for value before maturity and holder in due course of the instrument sued on. There was no evidence which contradicted or tended to contradict their testimony and the judge below properly charged the jury, "if they believed the evidence or if they found the facts to be as testified they would render a verdict for plaintiff." There is no error and the judgment below is affirmed.

No error.