STATE v. ALLEY.

PER CURIAM. Parol evidence was admissible to establish the contract about the barn, although there was a written lease, because the two contracts were separate and distinct, and we are of opinion there was circumstantial evidence of authority on the part of Wall to make the contract.

The damages claimed are difficult of admeasurement, but not more so than those allowed in *Spencer v. Hamilton,* 113 N. C., 49, in which a counterclaim, alleging loss of crops by reason of a breach of contract to do certain ditching, was sustained.

No error.

## STATE v. ALLEY.

(Filed 20 October, 1920.)

**Criminal Law—Directing Verdict—Instructions.**

A verdict may not be directed by the trial judge in a criminal action.

APPEAL by defendant from *Daniels, J.,* at the January Term, 1920, of FRANKLIN.

This is an indictment for abandonment.

The State offered evidence, and the defendant testified in his own behalf.

At the conclusion of the evidence the record states that the judge said: "Gentlemen, this ends the case. On the testimony of the witness himself he is technically guilty.

Defendant excepted.

The judge then directed the clerk to enter a verdict of guilty. The defendant excepted.

There was a verdict of guilty entered by the clerk, and the defendant appealed from the judgment thereon.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. M. Person for defendant.*

PER CURIAM. Reversed on authority of *S. v. Riley,* 113 N. C., 648; *S. v. Hill,* 141 N. C., 772, holding that the judge cannot direct a verdict in a criminal action.

New trial.