## STATE v. W. J. RILEY.

*Practice in Criminal Actions—Power of Judge to Direct Verdict—Distinction between Civil and Criminal Actions.*

1. The Court cannot direct a verdict in a criminal case, even when the evidence for the State is uncontradicted, for the plea of not guilty disputes its credibility, and there is the presumption of innocence which can only be overcome by the verdict of the jury; therefore,

2. Where, on the trial of a prisoner, the evidence of the State being uncontradicted, the Court told the jury, if they believed the evidence, to return a verdict of guilty, and after pausing a moment or two, and the jury manifesting no disposition to retire, the Court told the Clerk to enter the verdict of guilty: *Held*, that while it was not necessary that the jury should retire, yet it was indispensable that they should agree upon and render the verdict. (Distinction between civil and criminal actions in this respect noted and discussed.)

CRIMINAL ACTION, commenced by warrant issued by and returnable before a Justice of the Peace, against the defendant for selling spirituous liquors contrary to the provisions of section 2740 of *The Code*, and tried, on appeal, before *Bryan, J.,* and a jury, at March Term, 1893, of ORANGE Superior Court.

After the close of the evidence for the State (the defendant having introduced none), his Honor instructed the jury that if they believed the evidence, the defendant was guilty, and directed the Clerk to enter a verdict of guilty, which was done. From the refusal of a new trial upon the ground that the jury were not allowed to pass upon the facts, the defendant appealed.

*The Attorney General,* for the State.
*Mr. C. D. Turner,* for defendant (appellant)

CLARK, J.: The evidence for the State being uncontradicted, the Court told the jury, if they believed the evidence, to

return a verdict of guilty. This was correct upon the evidence set out, and if the jury had returned a verdict, there would be no ground for exception. *State* v. *Burke,* 82 N. C., 551. But the case further states, "after pausing for a moment or two, and the jury manifesting no disposition to retire, the Court told the Clerk to enter the verdict of guilty." It was not necessary that the jury should retire, but it was indispensable that the jury should agree upon and render the verdict. The Court cannot direct a verdict in a criminal case. *State* v. *Dixon,* 75 N. C., 275; *State* v. *Shule,* 32 N. C., 153.

In the latter case, PEARSON, J., thus draws the distinction in this respect between civil and criminal actions: "When a plaintiff fails to make out a case, the Judge may say to the jury that, if all the evidence offered be true, the plaintiff has not made out a case, and direct a verdict to be entered for the defendant, unless the plaintiff chooses to submit to a nonsuit. It is in effect a demurrer to the evidence. The plaintiff has no right to complain, for in reviewing the question of law, he has the benefit of the supposition that the evidence offered by him and the inferences of fact are all true. So when the plaintiff's case is admitted, the whole question turns upon the defence attempted to be set up. If, taking the facts to be as contended for by the defendant, the Court is of opinion that he has made out no answer to the action it is proper, and saves time for the Court, to direct the verdict to be entered for the plaintiff. The defendant is not prejudiced, because, upon appeal, the question will be presented in the most favorable point of view for him "

"But the present case is not like either of these, for the State had not made out a case, unless the State's witness was believed, and the credibility of a witness must be passed on exclusively by the jury. It is true, from the case as made out, there could be but little room to doubt that both defendants were guilty, and the wonder is why the jury should have hesitated about convicting both. Still, that was a matter for

the jury, and its being a plain case, although it accounts for, does not legalize, this novel mode in entering a verdict."

The rule is also laid down by Mr. Circuit Judge McCRARY (Mr. Justice MILLER, of the United States Supreme Court, concurring), in *United States* v. *Taylor*, 3 McCrary, 500, 505: "In civil cases, where the facts are undisputed and the case turns upon questions of law, the Court may direct a verdict in accordance with its opinion of the law; but the authorities which settle this rule have no application to criminal cases. In a civil case, the Court may set aside the verdict, whether it be for the plaintiff or defendant, upon the ground that it is contrary to the law as given by the Court; but in a criminal case, if the verdict is one of acquittal, the Court has no power to set it aside. It would be a useless form for a Court to submit a civil case, involving only questions of law, to the consideration of a jury, where the verdict when found, if not in accordance with the Court's view of the law, would be set aside. The same result is accomplished by an instruction given, in advance, to find a verdict in accordance with the Court's opinion of the law. But not so in criminal cases. A verdict of acquittal cannot be set aside, and, therefore, if the Court can direct a verdict of guilty, it can do indirectly that which it has no power to do directly." This is cited in 2 Thompson on Trials, § 2149.

In short, when the Court holds that the evidence, if true, fails to make out a case, it can direct a verdict against the State in criminal actions, as against the plaintiff in a civil action, although usually, if a serious question is involved, a special verdict is rendered in the former, and a nonsuit taken in the latter case, that the action of the Court may be reviewed.

In a civil case the Court can direct a verdict against the defendant when the plaintiff's cause of action is admitted and the evidence or matter set up in defence, if true, would be no defence. This cannot possibly happen in a criminal

action, since to admit the State's cause of action (the indictment) is to plead guilty.   In a civil case the Court may direct a verdict also when "the facts are undisputed and the case turns upon questions of law solely" (*United States* v. *Taylor, supra*), but in a criminal case this can only happen upon a special verdict.   The plea of not guilty disputes the credibility of the evidence, even when uncontradicted, since there is the presumption of innocence, which can only be overcome by the verdict of the jury.   The farthest the Court can go in a criminal action, is to charge the jury that if they believe the evidence the defendant is guilty.   Upon the evidence set out in the record, there was a plain case against the defendant, and also against his principal as well (who, for some unknown reason, is not on trial), if the evidence is to be believed, but of that a jury and a jury alone can judge.   By reason of his Honor's inadvertence, at the moment, to the above essential distinction between civil and criminal actions, we must direct a                          New Trial.