STATE v. HILL.

(Filed March 13, 1906).

*Assault and Battery—Self-Defense—Question for Jury—*
*Deadly Weapon—Direction of Verdict.*

1. In an indictment for assault with a deadly weapon where defend-
   ant's evidence showed that he drew his knife and cut at his
   assailant, a stronger man, to keep him from striking defendant
   with his fist, his assailant at the time rushing on him with
   his hand drawn back as if to strike with his fist, the plea of
   self-defense should have been submitted to the jury.

2. As a general rule, or under ordinary conditions, the law does not
   justify or excuse the use of a deadly weapon to repel a simple
   assault. This principle does not apply, however, where the use
   of such a weapon was or appeared to be reasonably necessary to
   save the person assaulted from great bodily harm; such person
   having been in no default in bringing on or unlawfully entering
   into the difficulty.

3. In no event in a criminal case is the judge permitted to direct a
   verdict against the defendant.

INDICTMENT of W. F. Hill for assault with deadly weapon,
heard by *Judge W. B. Councill* and a jury, at the July Term,
1905, of the Superior Court of ONSLOW.

There was evidence of the State tending to show that the
defendant was guilty of an inexcusable assault with a knife
on one H. A. Jarman. The defendant in his own behalf
testified: "On May 30 I went down in the field after break-
fast to finish thinning corn; hadn't been there long before
H. A. Jarman came down in the field with a little sack on
his shoulder, and when he got in speaking distance of me
he said, 'Why in hell didn't you replant this corn like I told
you?' I said to him, 'I did replant a lot of it yesterday
morning; it was so dry and didn't rain as I thought, hence
I didn't think it necessary to replant it?' He said, 'You

141 —50

*thought!* damn it; why in hell didn't you do like I told you? What do you reckon I want you to tend the land for and nothing on it?' I said, 'You.can plant field peas in the missing places.' Then he said, 'G—d damn it, who is boss, you or I?' I said, 'Mr. Jarman, when you want me to do anything, tell me like somebody, don't come rearing and cursing.' Jarman set his sack down, and with his right hand drawn back and his fist doubled up, made at me, saying, 'I have fooled with you as long as I intend to, G—d d—n you.' He is a stronger man than I, as I am weakly and subject to asthma. He advanced on me with his right hand drawn back in a striking position, coming 'kinder' sideways. I did not see anything in his hand, but he had it drawn back as if to strike me with his fist, and in that position he rushed on me and I drew my knife and cut at him to keep him from striking me with his fist. When I cut at him he stumbled and fell. I never did anything else to him."

On cross-examination: "When he put his sack down on the ground he clinched his fist and threw his hand around behind him in a striking attitude. I could not see his hand at all times. I did not see any weapon in his hand. He advanced on me sideways with his right hand held out behind him in·a striking attitude."

At this point in the defendant's testimony, the judge stated in the presence of the jury that he would instruct them that the defendant was guilty upon his own statement. The defendant excepted. The defendant had other material witnesses, but did not introduce them owing to the court's intimation. Verdict of guilty as charged in the bill of indictment and from the judgment pronounced, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*C. L. Abernethy* for the defendant.

HOKE, J., after stating the case: The defendant, by exceptions properly. noted, assigns for error, first, that on the testimony he was entitled to have his plea of self-defense passed on by the jury; second, that in any event, the court erred in directing a verdict against him. We are of opinion that both points are well taken.

It is true, as a general rule, or under ordinary conditions, that the law does not justify or excuse the use of a deadly weapon to repel a simple assault. This principle does not apply, however, where from the testimony it may be inferred that the use of such weapon was or appeared to be reasonably necessary to save the person assaulted from great bodily harm—such person having been in no default in bringing on or unlawfully entering into the difficulty. This was held in *Matthews' case,* 78 N. C., 523.

In such case a defendant's right of self-defense is usually a question for the jury; and it is not always necessary to the existence of this right that the first assault should be with a deadly weapon. It may, in exceptional instances, arise when the fierceness of this assault, the position of the parties and the great difference, in their relative sizes or strength, show that the danger of great bodily harm is imminent. This was held in *Hough's case,* 138 N. C., 663.

Applying the principle of these two decisions to the case before us, we hold that the defendant's claim of self-defense should have been submitted to a jury. Of course, we express no opinion on the merits. There is evidence of the State, full and ample, if believed, to justify a verdict of guilty, and the jury may reject the defendant's version altogether, but it is for them to decide. And in no event, in a criminal case, is the judge permitted to direct a verdict against the defendant. When a plea of not guilty has been entered and stands on the record undetermined, it puts in issue not only the guilt, but the credibility of the evidence. As is said in *Riley's case,* 113 N. C., 651, "the plea of not guilty dis-

putes the credibility of the evidence, even when uncontradicted, since there is a presumption of innocence which can only be overcome by the verdict of a jury."

And as said in *Dixon's case,* 75 N. C., 275: "In this verdict the jury must not only unanimously concur, but must be left free to act according to the dictates of their own judgment. The final decision on the facts rests with them and any interference by the court tending to influence them into a verdict against their convictions is irregular and without the warrant of law." And this has been held to be the correct doctrine, though guilt may be inferred from the defendant's own testimony, as in *Green's case,* 134 N. C., 658.

Where there is no evidence tending to establish the plea of self-defense, and in any aspect of the testimony the defendant's guilt is manifest, the judge may tell the jury "if they believe the evidence," or as suggested in *Barrett's case,* 123 N. C., 753, "if they find the facts to be as testified," etc., "they will render a verdict," etc. But this verdict must be rendered by them, and, in no criminal case, can it be directed by the judge. There is error and a new trial is awarded.

New Trial.