### J. B. EVERETT v. W. S. WILLIAMS AND WIFE.

(Filed 9 March, 1910.)

1. **Judgment—Estoppel—Same Cause and Parties.**

   A verdict and judgment in a former action is an estoppel in a subsequent ·one between the same parties for the same cause of action.

2. **Courts—Instructions—Verdict Directing—Nonsuit—Estoppel— Appeal and Error—Procedure.**

   A party is estopped by a verdict by not immediately taking a nonsuit and appeal before verdict entered under an instruction by the trial judge to the jury, or upon his intimation that he would so instruct or render judgment for the other party to the action.

3. **Courts—Instructions—Verdict Directing—Burden of Proof.**

   The trial judge can always direct a verdict against the party to an action on whom rests the burden. of proof, if there is no evidence or presumption in his favor.

APPEAL by plaintiff from *Cooke, J.,* September Term, 1909, of MARTIN.

The facts are sufficiently stated in the opinion of the Court.

*Winston & Everett, A. R. Dunning* for plaintiffs.
*Martin & Critcher, H. W. Stubbs, A. O. Gaylord,* for defendant.

CLARK, C. J. On a former trial between the same parties, the judge (having first refused a motion to nonsuit the plaintiff) instructed the jury that "under all the evidence their answer to the issue should be, No." The jury so responded, and judgment was thereupon entered against the plaintiff.

This action being between the same parties and for the same cause of action, his Honor properly held the verdict and judgment in the former case an estoppel. When his Honor instructed the jury to render a verdict for the defendant (or upon intimation that he would do so) the plaintiff, if unwilling to be estopped, should have taken a nonsuit immediately, before the verdict was entered. Not having elected to do so, he is now estopped by the verdict.

The plaintiff contends that the verdict and judgment in the former case are void because the judge cannot direct a verdict. The court can always direct a verdict against the party on whom rests the burden of proof, if there is no evidence in his favor. As in a criminal case the burden is on the State to overcome the presumption of innocence, a verdict in such cases

can be directed against the State, but never against the defendant, though the court, in a plain case, may instruct the jury "if you believe the evidence you will find the defendant guilty." This is not "directing a verdict."

The whole subject is fully discussed in *S. v. Riley*, 113 N. C., 648; see, also, cases approving that case cited in the Annotated Ed. In *S. v. Shule*, 32 N. C., 153 (cited in *S. v. Riley, supra*), *Pearson, J.,* said: "When a plaintiff fails to make out a case, the judge may say to the jury that if all the evidence offered be true, the plaintiff has not made out a case, and *direct a verdict* for the defendants, *unless the plaintiff chooses to submit to a nonsuit*."

Affirmed.