## STATE OF MAINE *vs.* STANISLAUS GASTONGUAY.

### Androscoggin.    Opinion January 28, 1919.

*Meaning of word "nuisance."    Meaning of word "use" as given in the Statute relating to liquor nuisances.*

Prosecution for maintaining a common nuisance in violation of R. S., Chap. 23, Sec. 1, to wit: "All places used . . . . for the illegal sale or keeping of intoxicating liquors . . . . are common nuisances." The verdict was guilty.

Counsel for the respondent requested the following instruction:

"In order to find a judgment of guilty against the respondent they (the jury) must find that the premises mentioned in the indictment must have been habitually and customarily used for the purposes mentioned in the indictment."

The presiding Justice refused to give this instruction, but he said:

"I do not give you the instruction in those terms, but I tell you, however, that for a period of time longer or shorter, those premises must have been used for the purposes mentioned in the indictment; that is, for the illegal keeping of intoxicating liquors intended for unlawful sale in this State."

It has been repeatedly held that the word "use" as employed in the statute above quoted means an habitual or common use. The Justice very properly instructed the jury that the period of use might be longer or shorter, but, although requested, failed to instruct them that whether longer or shorter the use must be a customary or common use. This was prejudicial error.

From the circumstances of a single act of keeping or selling, a jury may be justified in finding a custom or habit of keeping or selling. But in this case the jury for want of an explanation which was seasonably requested, may have in their deliberations understood that such a finding was not necessary.

Indictment for maintaining a liquor nuisance. Jury returned verdict of guilty. Exceptions were filed by respondent to certain rulings of presiding Justice. Exceptions sustained.

Case stated in opinion.

*William H. Hines,* County Attorney, for State.

*George S. McCarty,* for respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

DEASY, J. Prosecution under R. S., Chap. 23, Sec. 1, for maintaining a nuisance. Verdict guilty. Exceptions to instructions given and refused.

We are justified in assuming that intoxicating liquor intended for unlawful sale by some person was found upon the respondent's premises, not being a place of resort and that the liquor was so deposited with the consent of the respondent and with his knowledge that it was intoxicating liquor intended for unlawful sale. These necessary elements we shall not further advert to.

Counsel for the respondent requested the court to give the following instruction to the jury:

"In order to find a judgment of guilty against the respondent they (the jury) must find that the premises mentioned in the indictment must have been habitually and customarily used for the purposes mentioned in the indictment."

The presiding Justice refused to give this instruction.

Revised Statutes, Chap. 23, Sec. 1, under which this prosecution is brought defines and provides penalties for several species of the genus "nuisance." We are concerned with two.

1—"All places used . . . . for the illegal sale or keeping of intoxicating liquors . . . . are common nuisances."

2—"All places of resort where intoxicating liquors are kept, sold, given away, drank, or dispensed in any manner not provided for by law are common nuisances."

The first relates to all places, the second only to places of resort. Illegal use is the important element in the first definition. Neither those words nor any tantamount to them are found in the second. Acts, innocent when done elsewhere, may make a place of resort a nuisance. Other places become nuisances only by reason of illegal acts. It is not contended that the defendant's premises belonged to the second class. It was not a place of resort. Therefore, the opinion of the court in *State* v. *Cumberland Club*, 112 Maine, 196, has little or no bearing upon the case at bar.

The respondent, through his counsel, contends that his premises were not within the meaning of the law *used* for the illegal keeping of intoxicating liquor.

The verb "use" or "used" has two meanings recognized by all lexicographers and unconsciously differentiated in common speech. 1—To employ or be employed or occupied. In this sense the word would include a single isolated instance of use. 2—To practice customarily or (in the case of a place or thing) to be the subject of customary practice, employment or occupation.

In which sense does our statute employ the word? This is not a jury but a court question. Courts have repeatedly answered it.

"The intention was to declare 'all places' to be 'common nuisances' whenever they should habitually or customarily be appropriated for, or converted to the purpose of the illegal sale of such liquor." *State* v. *Stanley*, 84 Maine, 561.

"The place must be habitually, commonly used for the purpose before it becomes a common nuisance." *State* v. *McIntosh*, 98 Maine, 400.

"It was obviously the intention of the legislature by this enactment to declare all places to be common nuisances whenever they should commonly and habitually be used for the illegal sale or keeping of intoxicating liquors. *State* v. *Kapicsky*, 105 Maine, 130.

See also: *Commonwealth* v. *Patterson*, 138 Mass., 500, and *Commonwealth* v. *McArty*, 11 Gray, 456.

The instruction requested by the defendant's counsel and above set forth states the law in accordance with the above decisions. It is specific and pertinent. While the presiding Judge was undoubtedly justified in refusing to give it without qualification,—in substance, and with a qualification negativing any inference of continuity or permanence, the instruction should have been given.

Was it in substance given? The presiding Justice said, repeating in effect the instructions already given:

"I do not give you the instruction in those terms, but I tell you, however, that for a period of time longer or shorter, those premises must have been used for the purposes mentioned in the indictment; that is, for the illegal keeping of intoxicating liquors intended for unlawful sale in this State."

The Justice very properly instructed the jury that the period of use might be longer or shorter; but although requested failed to instruct them that whether longer or shorter the use must be a customary or common use. This was prejudicial error.

Nothing that we have said relates to the quantum of evidence necessary to prove a nuisance. From the circumstances of a single act of keeping or selling a jury may be justified in finding a custom or habit of keeping or selling. But in this case the jury for the want of an explanation which was seasonably requested may have in their deliberations understood that such finding was not necessary.

In view of the above conclusions we need not consider the respondent's other objections.

*Exceptions sustained.*