STATE v. LAURA SINGLETON.

(Filed 15 March, 1922.)

**Instructions — Verdict Directing — Criminal Law—Appeal and Error— Prejudicial Error.**

Except in instances of admissions or evidence requiring explanation or reply of defendant, the burden of showing guilt beyond a reasonable doubt is upon the State, and it is reversible error for the judge to instruct the jury, against the presumption of defendant's innocence, that should they "believe the evidence," though all for the State, to find the defendant guilty of the offense charged. The language of the charge is again disapproved.

APPEAL by defendant from *Cranmer, J.,* at November Term, 1921, of WAYNE.

Criminal prosecution, tried upon an indictment charging the defendant with having willfully and unlawfully rented rooms in her house for purposes of prostitution in violation of Public Laws 1919, ch. 215.

The State offered three witnesses, policemen of the city of Goldsboro, who testified in effect that they had seen men going in and out of defend-

ant's house; that her reputation was bad, and that one Mira Brown had been heard to swear, in the presence of the defendant, that she occupied one of her rooms for immoral purposes. The officers witnessed no acts of immorality.

The defendant offered no evidence.

There was a verdict and judgment against the defendant, from which she appealed, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. F. Thompson for defendant.*

STACY, J. At the close of the evidence his Honor charged the jury as follows: "Gentlemen of the jury, you have heard the evidence of the witnesses. If you believe the evidence, I instruct you that you will find the defendant Laura Singleton guilty." To this instruction the defendant excepted, and the same is assigned as error. We think the exception is well taken, and under a uniform line of decisions it must be held for reversible error. *S. v. Alley,* 180 N. C., 663; *S. v. Boyd,* 175 N. C., 793; *Brooks v. Mill Co.,* 182 N. C., 260, and cases there cited.

The defendant entered on the trial with the common-law presumption of innocence in her favor. Her plea of not guilty cast upon the State the burden of establishing her guilt, not merely to the satisfaction of the jury, but beyond a reasonable doubt. The evidence here was not compelling. The jury might have believed it and yet acquitted the defendant. Furthermore, it is error for the trial judge to direct a verdict in a criminal action, where there is no admission or presumption, calling for explanation or reply on the part of the defendant. *S. v. Hill,* 141 N. C., 769; *S. v. Riley,* 113 N. C., 651. See, also, *S. v. Falkner,* 182 N. C., 793.

We feel sure that the language employed was only an inadvertence on the part of the learned judge who tried the case; but again we are constrained to call attention to the fact that the form of expression, "If you believe the evidence," should be eschewed in charging the juries in both criminal and civil actions. *Merrell v. Dudley,* 139 N. C., 58.

New trial.