## STATE v. CHARLIE DAVIS, JR.

(Filed 22 September, 1943.)

**1. Homicide §§ 4b, 5, 16—**

> The intentional use of a deadly weapon in a homicide imports malice and raises a rebuttable presumption of murder in the second degree, placing the burden upon the defendant to show such circumstances as may reduce the crime to manslaughter, or entitle him to an acquittal.

**2. Homicide §§ 1, 16, 25—**

> When the intentional use of a deadly weapon, in an unlawful manner, is admitted or proven and, as a result of such unlawful use, an innocent bystander is killed, nothing else appearing, it is murder.

**3. Homicide §§ 16, 25—**

> Where no admission is made or presumption raised, calling for an explanation or reply on the part of the defendant, the plea of not guilty challenges the credibility of the evidence, even if uncontradicted, since there is a presumption of innocence which can only be overcome by a verdict of the jury.

**4. Homicide §§ 27a, 27d—**

> In a homicide case, where the defendant offered no evidence and the State's evidence showed an intentional and unlawful killing with a deadly

weapon, without mitigating circumstances which would reduce the offense to manslaughter or entitle defendant to an acquittal, there is no error in a charge that, if the jury believe the testimony and find the facts, beyond a reasonable doubt, to be as all the witnesses testified, it is their duty to bring in a verdict of murder in the second degree.

APPEAL by defendant from *Burgwyn, Special Judge,* at February Term, 1943, of PASQUOTANK.

Criminal prosecution upon indictment charging the defendant with the murder of Elijah Spence.

About 11:30 o'clock on the night of 5 September, 1941, the defendant and one George Spence, brother of deceased, were fighting inside of and then in front of Wiley Skinner's place of business on Ehringhaus Street, in Elizabeth City, when one Nelson Bass approached with a pistol. Bass told George Spence to stop or he would shoot him. The defendant told Bass that if he would not shoot Spence to give him the gun and that he, the defendant, would shoot him. While Bass and the defendant were arguing, Spence ran to the lunchroom of his father, which was about a block away. At the time the lunchroom was occupied by Alonzo Spence, father of the deceased, Elijah Spence the deceased, and a Mr. Thomas. George Spence came into the lunchroom and entered a bedroom adjacent thereto. Immediately thereafter the defendant and two other boys entered the lunchroom. The defendant fired three shots, wounding Alonzo Spence and killing Elijah Spence.

The defendant immediately left for Norfolk, Va., and was not apprehended until the latter part of January, 1943. After he was arrested, according to the evidence, he made the following statement to the chief of police of Elizabeth City, to wit: "He and George had been having lots of trouble every time they got together; that that night prior to the shooting that he and George had had a fight and he went in with the intention of hitting George, but did not intend to shoot Elijah. That it was an error on his part in shooting Elijah."

Verdict: Guilty of murder in the second degree. Judgment: Defendant be imprisoned in the State Prison for a period of not less than seventeen years nor more than twenty years. Defendant appeals to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*P. G. Sawyer and R. Clarence Dozier for defendant.*

DENNY, J. Defendant's first exception is to the following portion of his Honor's charge: "The law of this State is, that when a killing occurs with a deadly weapon, and I charge you a pistol is a deadly weapon, the

law presumes malice, and an unlawful killing with malice is murder in the second degree, and when that is established to the satisfaction of the jury beyond a reasonable doubt, the prisoner at the bar would be guilty of murder in the second degree unless he offers testimony himself or the jury can find from the testimony offered against him facts and circumstances that would relieve the crime of murder and thus reduce it to manslaughter."

The defendant's objection is addressed to the failure of the court to charge the jury that it is the intentional killing of a human being with a deadly weapon which raises the presumption of malice. In the case of *S. v. Burrage, ante,* 129, 25 S. E. (2d), 393, cited in support of defendant's contention, it is properly held that where a defendant is on trial under an indictment for murder, and contends and offers evidence tending to show that he did not intend to kill the deceased but that the deceased was shot in a struggle over a pistol in his hand, "failure to instruct the jury that the presumption only arises upon an admission, or the proof of the fact of an intentional killing with a deadly weapon is prejudicial error."

*Justice Seawell,* speaking for the Court in the case of *S. v. Debnam,* 222 N. C., 266, 22 S. E. (2d), 562, said: "The intentional use of a deadly weapon in a homicide imports malice and raises the rebuttable presumption that the defendant is guilty of murder in the second degree, placing the burden upon him to show such circumstances as may reduce the crime to manslaughter, or entitle him to an acquittal." In the instant case the defendant offers no testimony in mitigation of the charge against him. The evidence shows that his use of a deadly weapon was intentional, and the fact that he said he intended to shoot George Spence and not the deceased does not enhance his position in the eyes of the law. Where the intentional use of a deadly weapon in an unlawful manner is admitted or proven and as a result of such unlawful use an innocent bystander is killed, nothing else appearing, it is murder. *S. v. Lilliston,* 141 N. C., 857, 54 S. E., 427. See also *S. v. Utley, ante,* 39, 25 S. E. (2d), 195, and the cases there cited. This exception cannot be sustained.

The second exception is to the following portion of his Honor's charge: "I charge you if you believe the testimony and find the facts to be as all the witnesses testified to, beyond a reasonable doubt, it would become your duty to find the defendant guilty of murder in the second degree."

*Stacy, C. J.,* said in *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846: "It is error for a trial judge to direct a verdict in a criminal action, where there is no admission or presumption calling for an explanation or reply on the part of the defendant." *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663. Where no admission is made or presumption raised, calling

for an explanation or reply on the part of the defendant, the plea of not guilty challenges the credibility of the evidence, even if uncontradicted, since there is a presumption of innocence which can only be overcome by a verdict of the jury. *S. v. Hill,* 141 N. C., 769, 53 S. E., 311; *S. v. Riley,* 113 N. C., 648, 18 S. E., 168.

Here the defendant offered no evidence, and the State's evidence shows no mitigating circumstances which would reduce the offense to manslaughter or entitle the defendant to an acquittal. On the other hand, the evidence shows the defendant intentionally and unlawfully killed the deceased with a deadly weapon, which raises the presumption of malice, and, nothing else appearing, constitutes murder in the second degree. On the evidence as disclosed by the record in this case, we do not think the instruction complained of unduly invaded the province of the jury. The jury was left free to accept or reject the evidence, but instructed as to their duty should they believe the testimony and find the facts to be as testified to by all the witnesses, beyond a reasonable doubt. *S. v. Riley, supra.*

No error.