STATE v. NEWITT W. STONE.

(Filed 3 January, 1945.)

**1. Homicide § 25—**

In a prosecution for felonious slaying, where the State's evidence tended to show that the prisoner and deceased were drinking together and on the prisoner's invitation went together towards prisoner's house about 11 p.m., and were seen going in that direction, and about three o'clock in the morning thereafter a gun shot was heard at prisoner's home and two or three minutes later a man was seen leaving the home by the back door, and in the home a table was found on which was a jar and a bottle, both having contained liquor, with two chairs close to the table and a bucket between them containing cigarette butts, and deceased was found dead on his back in the doorway of the room where the table was, with a shotgun of the prisoner's between his legs, one barrel of which contained an empty shell with hammer down and the other hammer cocked, deceased having a shotgun wound in his breast without powder burns on his body or white shirt, and that prisoner made contradictory statements as to the time he left home and the discovery of the dead body, there is sufficient evidence to go to the jury.

**2. Criminal Law § 53c—**

In a criminal prosecution where there is no admission or evidence establishing a presumption, sufficient to overcome the presumption of innocence, which requires the defendant to go upon the stand and make

an explanation, there is reversible error for the court to charge that "the most that can be required of the defendant is explanation, but not exculpation."

**3. Criminal Law § 18—**

Where no admission is made or presumption raised, calling for an explanation or reply on the part of the defendant, the plea of not guilty challenges the credibility of the evidence, even if uncontradicted, since there is a presumption. of innocence which can only be overcome by a verdict of the jury.

APPEAL by defendant from *Burgwyn, Special Judge,* at May Term, 1944, of ROBESON.

Criminal prosecution tried upon indictment charging the defendant with the felonious slaying of one T. Willis Edwards.

Verdict: Guilty of manslaughter. Judgment: Imprisonment in the State's Prison for not less than five nor more than ten years. Defendant appeals, assigning error.

*Attorney-General McMullan .and Assistant Attorneys-General Rhodes and Moody for the State.*

*F. D. Hackett for defendant.*

DENNY, J.   The first exception is to the refusal of his Honor to grant the defendant's motion for judgment as of nonsuit at the close of the State's evidence. The defendant offered no evidence. The State's evidence disclosed that the defendant was drinking on Saturday night, 22 April, 1944, that he went to the home of his sister, Mrs. Annie Edwards, mother of the deceased, shortly after 9 :30 o'clock. His nephew, T. Willis Edwards, the deceased, came home between ten and eleven o'clock. The defendant invited the deceased to go with him to the defendant's home. The last time the deceased was seen alive, he was with the defendant. · The defendant admitted to the sheriff that he and the deceased were alone in the defendant's home and that they sat up late talking and drinking. A gun shot was heard around three o'clock in the morning of 23 April, 1944, at the home of the defendant, and two or three minutes after the gun shot was heard, a man was seen leaving the defendant's home, having come out of the back door of the house. A jar and bottle were found on a table in the defendant's home and both had contained liquor. There were two chairs close .to the table and a bucket between the chairs, containing cigarette butts. The deceased was found lying on his back in the doorway between the room where the men had been sitting and the front room of the house. A shotgun belonging to the defendant was found between the legs of the deceased, with the

left-hand hammer cocked and the right-hand hammer down. The right-hand barrel contained an empty shell. The gun shot wound was in the breast of the deceased and ranged slightly downward. There were no powder burns on the white shirt worn by the deceased ·or on his body. The defendant made contradictory statements as to when he left his home and as to the time he discovered the body of his nephew upon his return home.

We think the evidence sufficient to warrant its submission to the jury. *S. v. Mann,* 219 N. C., 212, 13 S. E. (2d), 247; *S. v. Lee,* 211 N. C., 326, 190 S. E., 234; *S. v. Marion,* 200 N. C., 715, 158 S. E., 406; *S. v. Carr,* 196 N. C., 129, 144 S. E., 698; *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669.

The second exception is to the following portion of his Honor's charge to the jury: "In the absence of some admission or evidence establishing an opposite presumption, sufficient to overcome the presumption of inno-cence, the most that can be required of the defendant in a criminal prosecution is explanation, but not exculpation."

It will be noted that this portion of the charge is a direct quotation from the opinion in *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398, where the principle upon which the doctrine of the burden of proof rests in both civil and criminal cases, is discussed. The quotation is a statement of the law in general terms and is not applicable to the facts in this case. Here there was no admission or evidence establishing a presumption, sufficient to overcome the presumption of innocence, which required the defendant to go upon the stand and make an explanation, as in a case where it is admitted or proven to the satisfaction of the jury beyond a reasonable doubt, that the defendant had killed another with a deadly weapon. "Where no admission is made or presumption raised, calling for an explanation or reply on the part of the defendant, the plea of not guilty challenges the credibility of the evidence, even if uncontradicted, since there is a presumption of innocence which can only be overcome by a verdict of the jury." *S. v. Davis,* 223 N. C., 381, 26 S. E. (2d), 869; *S. v. Hill,* 141 N. C., 769, 53 S. E., 311; *S. v. Riley,* 113 N. C., 648, 18 S. E., 168. Under the charge as given, the jury could have inferred that the State had the right to require the defendant to go upon the stand and make some explanation as to the charge against him. In this there was error.

The exception is well taken and must be sustained. The defendant is entitled to a new trial, and it is so ordered.

New trial.