STATE v. HOWARD PETERSON.

(Filed 31 October, 1945.)

**1. Homicide § 25—**

In a criminal prosecution for murder, where the State's evidence tended to show that the prisoner, deceased and others were out riding at night in prisoner's automobile, and after a dispute prisoner told deceased to get out of the car which deceased did and walked down the road; that prisoner drove past him, got out and came with one of the company back near deceased and they renewed their quarrel, when there was a lick or thud and prisoner ran back to his car and said that a passing car had killed deceased and that all of the party would be held unless they so stated; that deceased was still alive, with his skull crushed by a wound on the head and no other wound on his body and his clothes not torn or disarrayed, and no car had passed, and that prisoner refused to help deceased or take him to a doctor, and deceased, a young man in good health, died almost immediately, the evidence is sufficient to repel a motion to dismiss under G. S., 15-173.

**2. Homicide § 27a—**

In a prosecution for murder, where the prisoner does not take the stand or offer other testimony, nor plead self-defense, but elects to rely upon the weakness of the State's evidence, there being no admission of the use of a deadly weapon, the evidence in respect thereto being circumstantial, the testimony is not such as to justify a peremptory instruction in the absence of explanation.

**3. Homicide § 27b—**

While the defendant in a criminal prosecution has a right to go upon the stand and explain or attempt to explain the facts and circumstances about which the State has offered testimony, there is no law which requires him to do so, and he may elect to go forward with testimony or rest on the weakness of the State's case and risk an adverse verdict. Suggestions to the contrary contained in instructions are prejudicial error.

**4. Evidence §§ 45a, 45c: Criminal Law § 31a—**

Ordinarily opinion evidence of a lay witness is not admissible. It is the province of the jury to decide what inferences and conclusions are warranted by the testimony. Such evidence is admissible only when a person of ordinary experience would not be capable of forming a satisfactory conclusion unaided by expert information from one who has special learning, skill, or experience in the matter at issue.

**5. Evidence § 51: Criminal Law § 31g—**

Before opinion evidence is admissible a witness must qualify as an expert in that field of knowledge. The preliminary question of competency is for the presiding judge and ordinarily his ruling is conclusive.

APPEAL by defendant from *Stevens, J.,* at February Term, 1945, of SAMPSON. New trial.

Criminal prosecution on bill of indictment charging the murder of one William Herbert Holmes.

On the night of 25 December, 1943, the defendant, the deceased, and Melvin Bryant were out with two girls on an automobile. After visiting several places, deceased suggested that they go home. Defendant, the owner of the automobile, replied: "This was his damn car, and he knew when to drive his damn car." He and deceased then began to curse each other. After driving some distance down the road defendant stopped and told deceased to get out. Deceased got out and walked down the road. Defendant drove by him and he and Bryant got out, went back of the car to or near deceased, and defendant and deceased renewed the argument. There was a lick or thud. Defendant then ran back to the automobile and said a passing car had killed Herbert. He said, "If you don't tell that Herbert came across the road over where he went to tend to his business in the woods and that a car came along and hit him we all will be held." Although deceased was still living defendant refused to give him any assistance or to take him to a doctor. There was a wound on the head of deceased and his skull was crushed. There were no other wounds on his body and his clothes were not torn or disarrayed. No other automobile had passed. The State offered evidence of other incriminating facts and circumstances.

When the case was called for trial the solicitor announced that he would not ask for a verdict of murder in the first degree. The jury

returned a verdict of murder in the second degree. The court pronounced judgment on the verdict and defendant excepted and appealed.

*Attorny-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*
*J. Faison Thomson and E. C. Robinson for defendant, appellant.*

BARNHILL, J. We do not deem it necessary to summarize all the testimony or to enter into a discussion of its probative force further than to say there was sufficient evidence offered to repel the motion to dismiss under G. S., 15-173.

The contention that there is no competent evidence of the cause of death is without merit. The deceased was a young man in apparent good health. He received a traumatic injury which crushed his skull and affected the brain tissue. He died almost immediately thereafter. Certainly this warrants the inference that death was caused by the crushed skull and the injured brain tissue.

The court instructed the jury in part as follows:

"In the absence of some admission or evidence establishing an opposite presumption sufficient to overcome the presumption of innocence, the most that can be required of a defendant in a criminal prosecution is explanation but not exculpation. The defendant is not required to show his innocence; the State must prove his guilt beyond a reasonable doubt, and the burden of this ultimate issue never shifts."

To this instruction the defendant excepts and assigns the same as error. The exception must be sustained.

The witness did not take the stand in his own behalf or offer other testimony. Nor did he plead self-defense. He elected instead to rely upon the weakness of the evidence offered by the State. There was no admission of the use of a deadly weapon and the evidence in respect thereto was circumstantial. Hence the testimony was not such as to justify a peremptory instruction in the absence of explanation. *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846; *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663; *S. v. Davis,* 223 N. C., 381, 26 S. E. (2d), 869.

The defendant had the right to go upon the witness stand and explain or attempt to explain the facts and circumstances about which the State had offered testimony so as to negative their incriminating effect. But there is no law which requires him to do so. He may elect either to go forward with testimony or rest upon the weakness of the State's case, in which event he takes the risk of an adverse verdict.

That the suggestion to a contrary effect contained in the instruction is prejudicial to the defendant has already been decided by this Court. *S. v. Stone,* 224 N. C., 848.

In this connection it may be well to note that a careful reading of *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398, will disclose that the *Stone case* is not out of harmony with what is there said.

The coroner of the county, witness for the State, although not found to be an expert, was permitted to give in evidence his opinion as to the cause of death.

Ordinarily opinion evidence of a lay witness is not admissible. It is the province of the jury to decide what inferences and conclusions are warranted by the testimony. Such evidence is admissible only when a person of ordinary experience would not be capable of forming a satisfactory conclusion unaided by expert information from one who has special learning, skill, or experience in the matter at issue. *S. v. Dilliard,* 223 N. C., 446, 27 S. E. (2d), 85; *S. v. Smith,* 221 N. C., 278, 20 S. E. (2d), 313.

Before such evidence is admissible a witness must qualify as an expert in that field of knowledge. The preliminary question of competency is for the presiding judge and ordinarily such ruling is conclusive. *S. v. Smith,* 223 N. C., 457, 27 S. E. (2d), 114, and cases cited.

In *S. v. Smith,* 221 N. C., 278, 20 S. E. (2d), 313, the competency of the opinion testimony of an embalmer as to the cause of death was challenged by exceptive assignment of error. This Court, as reference to that opinion will disclose, did not decide the question presented. It was held only that its admission under the circumstances of that case was harmless. We there said:

"To what extent the experience of a professional embalmer, with a knowledge of the blood vessels of the human body and their functions, and with ocular evidence that they had been emptied of their life-sustaining content, might qualify him to testify that the deceased had bled to death through the severed arteries, we do not need to say . . ."

For the reasons stated there must be a

New trial.