STATE v. SANFORD E. SNEAD.

(Filed 8 October, 1947.)

**1. Criminal Law § 77d—**

The record imports verity and the Supreme Court is bound thereby.

**2. Same: Homicide § 16: Criminal Law § 28—**

Defendant's plea of not guilty puts the credibility of the State's evidence in issue, and where the defendant does not go upon the stand but the State introduces testimony of an alleged confession made by defendant that he killed deceased with a deadly weapon, it is error for the court to assume that the testimony is true and instruct the jury that the burden is upon defendant to rebut the presumption arising from a killing with a deadly weapon, without predicating such instruction upon a finding by the jury of the requisite facts.

APPEAL by defendant from *Edmundson, Special Judge,* at March Criminal Term, 1947, of HARNETT.

Criminal prosecution on indictment charging the defendant with the murder of one Ada Massey.

When the case was called for trial, the solicitor announced that he would not prosecute on the capital charge, but would ask for a verdict

STATE *v.* SNEAD.

of murder in the second degree or manslaughter as the evidence might disclose. The defendant thereupon entered a plea of not guilty.

The record reveals that on 26 May, 1946, about the hour of 6:00 a.m., the lifeless body of Ada Massey was found by a public officer on Broad Street in the Town of Dunn, near the Paste Board Inn. There was a deep stab wound on the left side of her chest, which apparently had been inflicted with some sharp instrument. The wound extended to the apex of the heart. A pair of scissors lay on the ground three or four inches from the dead woman's hand. The defendant had been in company with the deceased the night before. He was later heard to say, "I killed Ada."

In an alleged confession, admitted over objection, the defendant is quoted as saying: "I called Ada out (of the Paste Board Inn), and when she came out she came out with a pair of scissors in her hands and started running me. . . . She struck at me with the scissors and I cut her under the left arm; she gasped, let out a scream, and fell. . . . I cut her with the red-handle knife."

The defendant offered no testimony. In the court's charge to the jury, reference is made to witnesses for the defendant. However, the defendant himself did not take the witness stand.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison "to serve a term of 15 to 20 years."

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. R. Young and Charles Ross for defendant.*

STACY, C. J. We are constrained to hold the following instruction for error: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of murder in the second degree, as the Court will instruct you what constitutes murder in the second degree, you would consider whether from all the facts in this case, both the State and the defendant, the defendant has offered such evidence as would reduce the crime with which he is charged to that of manslaughter. And in that case, gentlemen of the jury, the burden is upon the defendant to satisfy you from the evidence introduced by himself, or the evidence introduced by the State, or lack of evidence, that there was no malice in the killing, and thereby mitigate or reduce the crime charged to that of manslaughter."

In this instruction, the court seems to have overlooked, for the moment, the defendant's plea of not guilty, which called in question the State's

evidence and required a finding by the jury that the defendant intentionally killed the deceased with a deadly weapon before the presumption of an unlawful homicide with malice could apply, *S. v. Floyd,* 226 N. C., 571, 39 S. E. (2d), 598, and place upon the defendant the burden of rebutting such presumption—in part, if he would reduce or mitigate the offense to manslaughter, and altogether if he would gain an acquittal. *S. v. Ellison,* 226 N. C., 628, 39 S. E. (2d), 824; *S. v. Burrage,* 223 N. C., 129, 25 S. E. (2d), 393; *S. v. Benson,* 183 N. C., 795, 111 S. E., 869.

There was no admission on the hearing that the defendant slew the deceased with a deadly weapon, yet he was required to handle the laboring oar in the absence of a finding by the jury that he was "guilty of murder in the second degree." This was an inadvertence, or else some error has crept into the transcript. In either event, a new trial seems necessary. We must take the record as we find it. *Abernethy v. Burns,* 210 N. C., 636, 188 S. E., 97. It is not now subject to change or correction. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. It imports verity, and we are bound by it. *S. v. Dee,* 214 N. C., 509, 199 S. E., 730; *S. v. Brown,* 207 N. C., 156, 176 S. E., 260.

The evidence of what the defendant is alleged to have said about the killing was challenged on the hearing, and the court was in error in assuming this evidence to be true. The plea of traverse put its credibility in issue. *S. v. Stone,* 224 N. C., 848, 32 S. E. (2d), 651; *S. v. Peterson,* 225 N. C., 540, 35 S. E. (2d), 645; *S. v. Davis,* 223 N. C., 381, 26 S. E. (2d), 869; *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846.

For error in the charge, as indicated, a new trial will be awarded.

New trial.