## STATE v. REGINALD CUTHRELL.

(Filed 27 February, 1952.)

**1. Criminal Law § 53f—**

An instruction to the jury may not assume as true the existence or nonexistence of any material fact in issue.   G.S. 1-180.

**2. Arson § 2—**

A "building" within the meaning of the arson statute (G.S. 14-62) is a structure which has arrived at such a stage of completion as to be usable for some useful purpose.

**3. Same—**

"Used" as employed in the arson statute (G.S. 14-62) means put to use in the occupation or business, and a single isolated instance may be sufficient. "Trade" as used in the arson statute embraces any ordinary occupation or business.

**4. Arson § 8—**

In a prosecution of defendant for willfully and feloniously procuring another to burn a building used in carrying on a trade, upon evidence permitting an inference that the structure had not been completed or used in the trade at the time of the fire, the court should submit to the jury the question of whether the structure had been completed within the meaning of the statute and whether it had been put to use in the occupation or business for which it was intended, and an instruction which assumes each of these facts must be held for prejudicial error.

**5. Statutes § 11—**

A statute creating an offense unknown to the common law must be construed as written.

APPEAL by defendant from *Crisp, Special Judge,* and a jury, at August Term, 1951, of CAMDEN.

Criminal prosecution tried upon a bill of indictment charging the defendant with the statutory felony of willfully and feloniously procuring Bobby Gene Bowers to burn a building located at a beach in Camden County and used by R. B. Cuthrell in carrying on a trade.   (G.S. 14-62.)

The case was here on former appeal and was sent back because of error in the admission of evidence, 233 N.C. 274, 63 S.E. 2d 549.

On retrial, the State introduced Bobby Gene Bowers as a witness.   He testified he burned the structure upon the procurement and counsel of the defendant and for a reward promised him by the defendant.   R. B. Cuthrell then testified concerning the nature and condition of the structure when it was burned on 5 May, 1950.   He said it was a frame structure about four or five feet above the water's edge at the beach, with entrance from the shore, and a terrace-porch out on the water side.   It was a restaurant,—confectionary type of business, intended for organization

suppers like church and Sunday school picnics. It was a new building. The fixtures and equipment were new. Some of the fixtures and equipment were in the building, but all had not been uncrated at the time of the fire. The building was "practically built." It lacked "about two weeks for two carpenters for painting, adding on banisters and some work from the inside that needed to be done."

The State's witness, Cuthrell, further testified: "It was about a week before the fire that I had the opening night. . . . I had one college dance that used it without any sales, only for the floor. . . ."

There was a verdict of guilty as charged, and from judgment thereon the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Love, and R. B. Broughton, Member of Staff, for the State.*

*John A. Wilkinson and H. S. Ward for defendant, appellant.*

JOHNSON, J.  Throughout the charge the trial court seems to have assumed that the structure alleged to have been burned was "a building . . . used in carrying on . . . trade . . ." within the meaning of the statute (G.S. 14-62), whereas this involved disputed questions of fact which should have been determined by the jury under proper instructions by the court.

This statute makes it a felony to ". . . wantonly and wilfully . . . cause to be burned, or . . . procure the burning of (description of several types of building not pertinent to this case) or *any building or erection used in carrying on any trade or manufacture, . . .* " (Italics added).

The indictment in the instant case charges, among other things, that the defendant wilfully and feloniously procured Bobby Gene Bowers to set fire to and burn *"a certain building used in carrying on a trade,* to wit: a building in which was operated a restaurant and used for the sale of soft drinks and various confectionaries under the name of Texaco Beach, . . . said building being . . . in the possession of R. B. Cuthrell . . ." (Italics added).

Therefore, the burden rested on the State to prove that the defendant unlawfully procured the burning of (1) a structure that answered to the description of a "building" within the meaning of the statute, and also (2) that the structure was "used in carrying on a trade," within the purview of the statute. Findings by the jury concerning these two elements of the statutory offense charged were quite as essential to a conviction as proof of the fact of procuring the burning of the structure. The rule is that the trial court in charging a jury may not give an instruction which assumes as true the existence or nonexistence of any material fact in issue.

See G.S. 1-180 as rewritten.  *S. v. Love,* 229 N.C. 99, 47 S.E. 2d 712;
*Perry v. R. R. Co.,* 171 N.C. 158, 88 S.E. 156; 53 Am. Jur., Trial, Sec.
605. Besides, the defendant's plea of not guilty put to test the credibility of
the testimony bearing upon these essential elements of the crime charged.
*S. v. Snead,* 228 N.C. 37, 44 S.E. 2d 359; *S. v. Stone,* 224 N.C. 848, 32
S.E. 2d 651; *S. v. Peterson,* 225 N.C. 540, 35 S.E. 2d 645; *S. v. Davis,*
223 N.C. 381, 26 S.E. 2d 869; *S. v. Singleton,* 183 N.C. 738, 110 S.E. 846.

The duty rested upon the trial court to define and explain to the jury
the meaning of (1) "building," and (2) "used in carrying on any trade,"
as used in the statute.

1. *Building.*—The word "building" embraces any edifice, structure, or
other erection set up by the hand of man, designed to stand more or less
permanently, and which is capable of affording shelter for human beings,
or usable for some useful purpose.  See 4 Am. Jur., Arson, Sec. 16;
Curtis, The Law of Arson, Sec. 28, p. 38; 6 C.J.S., Arson, Sec. 6, p. 725;
Webster's New International Dictionary, 2d Ed.; Funk & Wagnall's New
Standard Dictionary.  Ordinarily, in the absence of a statute to the con-
trary, an uncompleted structure, not ready for occupation or use, is not
a "building" as that term is generally used in the law of arson.  6 C.J.S.,
Arson, Sec. 6, p. 728; 5 C.J., pp. 551 and 552; *Davis v. State,* 153 Ala. 48,
44 So. 1018.  However, by the weight of authority, the word "building"
as used in criminal burning statutes, does not necessarily imply a struc-
ture so far advanced as to be in every respect finished and perfect for the
purpose for which it is designed eventually to be used; and if the struc-
ture is so far advanced in construction, although not completed, as to be
ready for habitation or use, the burning of it may be violative of the
statute.  See 2 Am. Jur., Arson, Sec. 16; 71 Am. St. Rep. 266; 6 C.J.S.,
Arson, Sec. 42, p. 767; Curtis, The Law of Arson, Sec. 40, p. 45.  There-
fore, the question whether a structure has arrived at such a stage of com-
pletion as to constitute it a building may be and frequently is a question
of fact for the jury to determine.  4 Am. Jur., Arson, Sec. 16.

2. *Used in carrying on any trade.*—In this phrase, the crucial words
of the statute are "used" and "trade."

The verb "used," when referring to a place or thing, has two meanings
recognized by all lexicographers and usually differentiated in common
speech: (1) In one sense the word means to be the subject of customary
occupation, practice, or employment.  In this sense the word denotes the
idea of habitual use, and implies a certain degree of continuity and per-
manence, and is sometimes used synonymously with the word "occupied."
66 C.J., pp. 74 and 75 (see also pp. 72 and 73); *Cuthrell v. Ins. Co.,* 234
N.C. 137, 66 S.E. 2d 649.  See also Funk & Wagnall's New Standard
Dictionary.  (2) In another sense the word means to employ for a pur-
pose, to put to its intended purpose, application to an end, the act of

using.　43 Words and Phrases, Perm. Ed., p. 48 *et seq.*　In this sense a single isolated instance may be sufficient to fulfill the meaning of the word.　66 C.J., pp. 74 and 75; *S. v. Gastonguay,* 118 Me. 31, 105 A. 402.　We think it is in this latter sense that the word "used" was intended to be employed in the statute at hand.　Here it must be borne in mind we are dealing with a word that is descriptive of a criminal offense, as distinguished from fixing a contractual status.　(*Cuthrell v. Ins. Co., supra.*)

The word "trade" as used in this statute means more than traffic in goods, and the like.　It is used in its broader sense, and as such is synonymous with "occupation" or "calling."　Thus the word "trade" as here used embraces any ordinary occupation or business, whether manual or mercantile.　63 C.J., pp. 231 and 234.　42 Words and Phrases, Perm. Ed., p. 152 *et seq.*

Accordingly, on the record as presented, it was for the jury to find and declare by their verdict, among other things, (1) whether the structure alleged to have been burned had arrived at such a stage of completion as to be usable for some useful purpose so as to make it a building within the meaning of the statute, and, if so, (2) whether it had been put to use in the occupation or business of the lessee Cuthrell prior to the fire.

The action of the trial court in assuming the existence of these disputed facts was prejudicial error.

The situation here presented brings into focus the need for clarifying the instant statute.　Manifestly, its application in cases like this one would be simplified by extending its provisions to cover any structure, whether completed or in process of construction, used or intended to be used in any trade or manufacture.　This, however, is a matter of policy to be pondered and determined solely by the lawmaking body.　Here it must be borne in mind that the common law crime of arson embraces only a dwelling house and such structures as are within the curtilage.　The extension of the crime, in modified forms, to the burning of other buildings and structures rests entirely upon statutory grounds.　Therefore, in dealing with these felonious burning cases the courts can only construe and interpret the statutes as written.

For the reasons given, there must be a

New trial.