STATE OF NORTH CAROLINA v. WILFRED BOCAGE, JR.

No. 7026SC189

(Filed 6 May 1970)

**1. Criminal Law § 155.5— appeal — time of docketing record on appeal**

Defendant's appeal to the Court of Appeals is subject to dismissal for failure to docket the record on appeal within the time allowed by the Rules. Rules of Practice in the Court of Appeals Nos. 5 and 48.

**2. Larceny § 7— larceny of automobile — sufficiency of evidence**

Evidence of defendant's guilt of the felonious larceny of a Buick automobile from the lot of an automobile dealer, *held* sufficient to be submitted to the jury, notwithstanding defendant testified that he intended to bring the car back to the dealer and buy it.

APPEAL by defendant from *Godwin, S.J.*, 16 September 1969 Schedule "D" Criminal Session, MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment with the felony of larceny of an automobile of the value of thirteen hundred dollars ($1300.00). Defendant pleaded not guilty. The jury found him guilty as charged. From a judgment imposing a prison sentence of not less than five (5) nor more than seven (7) years, the defendant appealed to the Court of Appeals. Upon this appeal he is represented by his court-appointed counsel.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*William D. McNaull, Jr., and John G. Walker for defendant appellant.*

VAUGHN, J.

[1] The date of the judgment appealed from is 17 September 1969. The record on appeal was not docketed in this Court until 2 February 1970. Therefore, this appeal may be dismissed under Rule 48 of the Rules of Practice in the Court of Appeals for failure to comply with Rule 5. We have, however, considered the appeal on its merits.

[2] Evidence for the State tended to show the following: On the morning of 26 July 1969 defendant expressed an interest in a 1963 Buick which was on the sales lot of Thomas Cadillac, Inc. in Charlotte. The car had a fair market value of thirteen hundred dollars ($1300.00). He was advised by the sales manager that he could not

drive the car unless a salesman was in the car with him. Defendant left the premises. He later returned at a time when the sales manager was not present. He drove the 1963 Buick away from the premises without permission. The lot attendant thinking that defendant had been authorized to take the car, made no effort to stop him. About 2:30 a.m. on the morning of 27 July 1969, Patrolman Edwards of the Charlotte Police Department observed defendant come out of a pool room and get in the Buick automobile which was the one previously described to him as having been stolen. He followed the vehicle until it stopped at the end of a dead end street. Defendant was driving and several other people were in the vehicle. Defendant displayed a California driver's license. When asked for the vehicle registration card, defendant stated that he did not have one and that he did not know to whom the car belonged.

The defendant testified, in part as follows. He asked one of the salesmen about trying out the car but that the salesman told him he was too busy to talk with him. After waiting a few minutes he drove the car away and "that was it." He intended to buy the car. He intended to bring it back. He came to Charlotte from California where he had been convicted of second degree burglary. He has also been convicted of "joy riding." "I was riding in a car that a fellow stoled."

Evidence of defendant's guilt was plenary. Defendant's assignments of error based on the court's refusal to enter judgment as of nonsuit and to set aside the verdict are overruled. Assignments of Error 1, 2 and 4 relate to alleged errors in the admission of the following into evidence: evidence as to the time the car was discovered to have been stolen; whether the State's witness had any knowledge as to any of the salesmen having granted defendant permission to use the vehicle, and testimony as to the number on the license plate at the time the defendant was arrested. The defendant's exceptions to this evidence were properly overruled and the assignments of error based thereon are without merit.

Assignments of Error Nos. 5, 6 and 7 are directed at alleged errors in the judge's instructions to the jury. We have carefully considered these assignments of error and find them to be without merit.

In the entire trial we find

No error.

MALLARD, C.J., and MORRIS, J., concur.