STATE *v.* HUFFMAN

---

═══════════

STATE OF NORTH CAROLINA v. JAMES HUFFMAN AND RODGER SPARGO

Nos. 7026SC226 AND 7026SC237

(Filed 6 May 1970)

**1. Criminal Law § 113— joint trial of defendants — multiple offenses — instructions on guilt**

In a trial of two defendants jointly charged with the offenses of (1) felonious breaking and entering and (2) felonious larceny, each defendant, upon his plea of not guilty, was entitled to an instruction on his guilt or innocence of each offense charged in the indictment; and the failure of the trial court to instruct the jury with respect to these options entitles the defendants to a new trial.

**2. Criminal Law § 32— plea of not guilty — presumption of innocence — burden of proof**

A defendant's plea of not guilty raises the presumption of his innocence of each offense charged in the bill of indictment, and the burden is on the State to satisfy the jury by competent evidence and beyond a reasonable doubt of defendant's guilt of each offense charged.

**3. Criminal Law § 32— plea of not guilty — credibility of evidence**

Where there is no admission by defendant and no presumption against him is raised, his plea of not guilty challenges the credibility of the evidence, even if uncontradicted.

**4. Criminal Law § 154— appeals from joint trial — one record on appeal**

Where defendants are charged in the same bill of indictment and are tried together, one record on appeal will suffice. Rule of Practice in the Court of Appeals No. 19(b).

APPEAL by defendants from *Falls, J.,* 20 October 1969 Session of MECKLENBURG Superior Court.

In an indictment proper in form, defendants were charged with (1) breaking and entering a store building on 25 July 1969 with intent to steal property therefrom and (2) the larceny of fourteen cases of beer valued at $84.00 from said building after breaking and entering the same.

· Upon arraignment defendants pleaded not guilty. The State's primary evidence was provided by the owner of the premises alleged to have been burglarized and by one Sharon Stanton, a purported accomplice. Defendants did not testify but offered evidence tending to show alibi and to contradict testimony provided by Sharon Stanton.

The jury found each defendant guilty of breaking and entering and larceny as charged in the bill of indictment. From an active prison sentence of 8-10 years on the breaking and entering count and a 10 years' prison sentence on the larceny count to begin at expiration of sentence on the breaking and entering count but suspended on certain conditions, imposed on each defendant, both defendants appealed.

*Attorney General Robert Morgan and Staff Attorney Mrs. Christine Y. Denson for the State.*

*William D. McNaull, Jr., for defendant appellant Huffman.*

*Wallace C. Tyser, Jr., for defendant appellant Spargo.*

BRITT, J.

[1]    Defendants assign as error the following portions of the trial judge's instructions to the jury:

> "Now, members of the jury, if you find from the evidence in this case and beyond a reasonable doubt that the defendants broke or entered the establishment known as Hazel's Place with the felonious intent to commit the crime of larceny therein, then it would be your duty to return a verdict of guilty as charged in the bill of indictment.
>
> If the State has failed to so satisfy you, it would be your duty to return a verdict of not guilty. Or, if upon a fair and impartial consideration of all the facts and circumstances in the case, you have a reasonable doubt as to the guilt of either or both of these defendants, then it would be your duty to give each of the defendants a benefit of such doubt and to acquit either or both of them.
>
> *    *    *
>
> To summarize, you may find the defendant James Huffman guilty as charged in the bill of indictment or you may find him not guilty. You may find the defendant Rodger Spargo guilty as charged in the bill of indictment or you may find him not guilty."

STATE *v.* HUFFMAN

**[2, 3]**    The assignment of error is sustained. The defendants were jointly charged in one bill of indictment but with two separate offenses: (1) felonious breaking and entering and (2) felonious larceny. Following conviction by the jury as charged, each defendant was given a substantial sentence on each offense. Upon his plea of not guilty to the bill of indictment, each defendant was presumed to be innocent of *each* offense and the burden was on the State to satisfy the jury by competent evidence and beyond a reasonable doubt of the guilt of *each* defendant of *each* offense with which he stood charged. 2 Strong, N.C. Index 2d, Criminal Law, § 32, pp. 528, 529. Where there is no admission by a defendant and no presumption against him is raised, his plea of not guilty challenges the credibility of the evidence, even if uncontradicted. *State v. Stone,* 224 N.C. 848, 32 S.E. 2d 651.

**[1]**    By their pleas of not guilty to the bill of indictment, each defendant was entitled to have the jury say if he was guilty or not guilty of felonious breaking and entering, and if he was guilty or not guilty of felonious larceny. For failure of the court to instruct the jury with respect to these options, there must be a new trial. We do not discuss the other questions raised in defendants' briefs as they probably will not arise upon a retrial.

**[4]**    We note that although defendants were charged in the same bill of indictment and were tried together, their counsel caused separate records on appeal to be prepared, filed and printed at State expense. We disapprove of this unnecessary waste of public funds. Under our Rule 19(b), one record would have been sufficient.

New trial.

BROCK and GRAHAM, JJ., concur.