STATE OF NORTH CAROLINA v. MAX V. ROGERS

No. 7027SC474

(Filed 18 November 1970)

**Burglary and Unlawful Breakings § 6; Larceny § 8— insufficiency of instructions**

In this prosecution upon a bill of indictment charging defendant with (1) the felonious breaking and entering of a dwelling with intent to steal and (2) the felonious larceny of property therefrom, the trial court erred in giving the jury instructions which are susceptible to the construction that the jury might find defendant guilty of felonious breaking and entering without finding that defendant broke and entered the dwelling with an intent to steal, and that the jury might find defendant guilty of felonious larceny without finding that defendant stole anything from the dwelling, and in failing to instruct the jury that it might return a verdict of guilty of one offense and not guilty of the other offense.

Chief Judge MALLARD concurs in the result.

APPEAL by defendant, Max V. Rogers, from *Falls, J.,* 10 March 1970 Session of GASTON Superior Court.

The defendant was charged in a two-count bill of indictment, proper in form, with: (1) breaking and entering on 3 February 1970 the home of James T. Holmsley with intent to steal property therefrom; and (2) with the felonious larceny of personal property after breaking and entering the same.

The defendant, an indigent, represented by his court-appointed attorney, pleaded not guilty. The State offered evidence tending to show that sometime between the hours of 8:00 and 11:00 a.m. on 3 February 1970 the home of James T. Holmsley located at Route 2, Cherryville, North Carolina, was broken into and certain items of personal property, including a man's yellow gold, self-winding watch belonging to Mr. Holmsley, were stolen therefrom. A witness for the State testified that he observed the defendant in the vicinity of the Holmsley home in an automobile at about 10:00 a.m. on 3 February 1970. The defendant was arrested on Main Street in Bessemer City for public drunkenness at about 2:30 p.m. on 3 February 1970, and he at that time had in his possession a man's yellow gold, self-winding watch which Mr. Holmsley identified as being the watch taken from his home earlier that day.

The defendant did not testify, but offered evidence tending to establish an alibi. The jury found the defendant guilty of

the two counts charged in the bill of indictment. The court imposed a ten-year sentence on the first count and a nine to ten-year sentence on the second count and ordered that the sentences be served consecutively.

The defendant appealed to the North Carolina Court of Appeals.

*Robert Morgan, Attorney General, William W. Melvin, Assistant Attorney General, and T. Buie Costen, Assistant Attorney General, for the State.*

*Jeffrey M. Guller for defendant appellant.*

HEDRICK, Judge.

The defendant assigns as error the following portion of the trial judge's instructions to the jury:

"I instruct you, members of the jury, that if you find from the evidence and beyond a reasonable doubt, the burden being upon the State to so satisfy you that on the 3rd day of February, 1970, the defendant Max Rogers broke into or entered the Holmsley dwelling and that said residence or dwelling had personal property situated therein at the time, and that the defendant broke into and entered the said dwelling house without the consent and knowledge of the owner or the owner's agent or any member of the family, it would be your duty to return a verdict of guilty as charged in the bill of indictment."

The assignment of error is sustained. The defendant was charged in a single bill of indictment with two separate offenses: (1) felonious breaking and entering and (2) felonious larceny. Upon the defendant's plea of not guilty the burden was on the State to satisfy the jury from competent evidence and beyond a reasonable doubt that the defendant was guilty of every element of each separate offense. In the instant case for the jury "to return a verdict of guilty as charged in the bill of indictment" means to find the defendant guilty of felonious breaking and entering and felonious larceny. That portion of the trial judge's instructions to the jury challenged by the defendant is erroneous in that the jury might find the defendant guilty of felonious breaking and entering without finding that the defendant broke and entered the Holmsley dwelling with the intent to steal, and also in that the jury might find the defend-

ant guilty of felonious larceny without finding that the defendant stole anything from the Holmsley dwelling. In addition, the challenged portion of the instructions fails to instruct the jury that it might return a verdict of guilty of one offense and not guilty of the other offense. Failure of the trial judge to instruct the jury with respect to these options is error. *State v. Huffman*, 8 N.C. App. 85, 173 S.E. 2d 636 (1970). For the reasons stated, the defendant is entitled to a new trial.

The defendant raises other questions in his brief which we have carefully considered but do not discuss since they probably will not arise upon a retrial.

New trial.

Judge PARKER concurs.

Chief Judge MALLARD concurs in the result.