### STATE v. NORWOOD G. MAREADY.

#### (Filed 29 March, 1967.)

**Criminal Law § 108—**

> In a prosecution for driving while under the influence of intoxicating liquor, an instruction to the jury that the police officer who apprehended defendant had no personal interest in the case or bias toward defendant and that the officer's only interest was in seeing that the law was complied with and in protecting innocent people operating their automobiles on the highway, *is held* a prohibited expression of opinion by the court, even though the instruction was given in stating a legitimate contention of the solicitor in his argument to the jury.

APPEAL by defendant from *Parker, J.,* at November 1966 Criminal Term, of DUPLIN Superior Court.

In the General County Court of Duplin the defendant was convicted of operating a motor vehicle upon the public highways of the State while under the influence of intoxicants. He appealed to the Superior Court, where he was again convicted and judgment imposed. He then appealed to this Court.

The evidence for the State tended to show that on Sunday morning, 22 May, 1966, a police officer of the Town of Wallace, Tom Rich, saw the defendant leaving his home in his car. He took off, spinning the wheels, and ran through two stop signs, crossing the center line back and forth, and zigzagging for a block and a half on Orange and Main Streets. The officer stopped him, and when the defendant got out of his car he was staggery, had a very strong odor of alcoholic beverage about him, and had a number of cans of beer in his car. In the officer's opinion he "was very intoxicated".

The defendant testified that he had had two or three swallows of whiskey that morning, but that he was not under its influence at the time in question.

The defendant assigns a number of errors, primarily directed to the charge of the court.

*T. W. Bruton, Attorney General, and William W. Melvin, Assistant Attorney General for the State.*
*B. R. Batts for defendant appellant.*

PLESS, J. We have fully considered all of the defendant's assignments of error, and find them to be without substantial merit, with one exception. In the charge, the court stated a contention by the State which was probably argued to the jury by the Solicitor. It is that the State says and contends that the defendant was under the influence, and that Officer Rich has no particular interest or bias towards him, that he is a police officer for the Town of Wallace and it is his duty to see that the law is complied with as near as he can, "and that his only interest is in seeing that the law is complied with and to protect innocent people operating their automobiles, to keep people off the highways when they are driving so that they won't run into and tear up and kill and injure people who are abiding by the law".

While an argument of this general nature by the Solicitor would be permissible, we feel that its repetition by the Judge, even though stated as a contention, gave it an emphasis that would weigh too heavily upon the defendant.

The following quotation from *S. v. Smith,* 240 N.C. 99, 81 S.E. 2d 263 is applicable here:

"Certainly the able and conscientious judge who tried this case below did not intend to do anything to prejudice the rights of the defendant, but it is the probable effect or influence upon the jury as a result of what a judge does, and not his motive, that determines whether the right of defendant to a fair trial has been impaired to such an extent as to entitle him to a new trial."

It is said in *S. v. Simpson,* 233 N.C. 438, 64 S.E. 2d 568:

"The judge may indicate to the jury what impression the evidence has made on his mind, or what deductions he thinks should be drawn therefrom, without expressly stating his opinion in so many words. This may be done by his manner or peculiar emphasis or by his so arraying and presenting the evidence as to give one of the parties an undue advantage over the other, or, again, the same result may follow the use of language or form of expression calculated to impair the credit

which might otherwise and under normal conditions be given by the jury to the testimony of one of the parties. *Speed v. Perry,* 167 N.C. 122, 83 S.E. 176; *S. v. Dancy,* 78 N.C. 437; *S. v. Jones,* 67 N.C. 285.

"It can make no difference in what way or manner or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, by comment on the testimony of a witness, by arraying the evidence unequally in the charge, by imbalancing the contentions of the parties, by the choice of language in stating the contentions, or by the general tone and tenor of the trial. The statute forbids any intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury."

Other exceptions need not be discussed, since we hold the quoted section of the charge to be prejudicial.

We are constrained to hold that the defendant is entitled to a New trial.