EDWIN H. VOORHEES AND WIFE, MILDRED B. VOORHEES v. VERN-
ON C. GUTHRIE AND WIFE, ELMA W. GUTHRIE

No. 703SC423

(Filed 5 August 1970)

1. Appeal and Error § 50; Trial § 36— statement of contentions —
expression of opinion — new trial

Where trial court inadvertently expressed its opinion in stating
the contentions of the parties, the cause must be remanded for a new
trial. G.S. 1-180.

2. Appeal and Error § 31— exception to the charge — statement of
contentions

Exceptions to an expression of opinion in the statement of conten-
tions may be taken by the aggrieved party for the first time on appeal.

APPEAL by defendants from *Parker (Joseph W.), J.,* 9
February 1970 Session, CARTERET Superior Court.

Defendants own three contiguous parcels of land situate
on the Atlantic Beach Causeway between the towns of Morehead
City and Atlantic Beach. In February 1964 defendants and
plaintiffs executed a lease agreement which contained a de-
scription of two parcels of land. The lease agreement contained
an option to purchase. In 1969 a dispute arose as to whether the
third parcel should have been included in the lease agreement.
This action was commenced to reform the lease to include the
third parcel.

From an adverse verdict and judgment reforming the
lease to include the third parcel, defendants appealed.

*Nelson W. Taylor for plaintiff.*

*Boshamer & Graham, by Otho L. Graham, for defendant.*

BROCK, J.

[1, 2] The charge of the court to the jury contains inadvertent
expressions of opinion which entitle defendants to a new trial.
The manner of stating the contentions of the parties, if in-
dicative of the court's opinion, is within the prohibition of G.S.
1-180. *Bailey v. Hayman,* 220 N.C. 402, 17 S.E. 2d 520. And
exceptions to an expression of opinion in the statement of con-
tentions may be taken by the aggrieved party for the first time
upon appeal. *State v. Powell,* 6 N.C. App. 8, 169 S.E. 2d 210.

We do not quote the lengthy statement of contentions given by the trial judge because they would not be understandable without our also setting out a full review of the evidence. We conclude that neither would give any particular aid to the bar or the trial bench, and could not serve as a precedent in the future. Suffice to say, in our opinion the warmth and vigor of the trial judge's expressions, although couched in the form of contentions, were effective to impress the jury with the strength of plaintiffs' position and the weakness of defendants'; and undoubtedly conveyed to the jury the impression that the trial judge was of the opinion plaintiffs should prevail in this lawsuit.

It may well be that plaintiffs are entitled to have the lease reformed in accordance with their contentions. Nevertheless, defendants are entitled to have the case presented to the jurors without their being subjected to the opinion of the trial judge upon what the facts of the case are or what the verdict should be.

New Trial.

MORRIS and GRAHAM, JJ., concur.