STATE OF NORTH CAROLINA v. JAMES LEE HALL

No. 714SC237

(Filed 26 May 1971)

Criminal Law § 114— instructions — expression of opinion

The following instruction constituted an expression of opinion on the evidence and was prejudicial error: "This is not a question of sympathy or prejudice. It is merely a question of facts and *the only question you are to consider is:* Was the defendant at the time and place in question under the influence of intoxicating beverages." G.S. 1-180.

APPEAL by defendant from *Parker, Judge,* 14 September 1970 Session of Superior Court held in ONSLOW County.

In the District Court of Onslow County the defendant was convicted of operating a motor vehicle upon the public highways of the State while under the influence of intoxicants. He was sentenced to a term of six (6) months, suspended for one (1) year upon the payment of $100.00 and court costs. He appealed to the superior court, where he was again convicted. From judg-

ment imposing a sentence of six (6) months in jail, the defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Charles A. Lloyd for the State.*

*Reginald Frazier and Chambers, Stein, Ferguson and Lanning by James E. Ferguson II and Adam Stein for defendant appellant.*

VAUGHN, Judge.

The following instructions were included in the charge to the jury:

". . . This is not a question of sympathy or prejudice. It is merely a question of facts and *the only question* you are to consider is: Was the defendant at the time and place in question under the influence of intoxicating beverages." [Emphasis ours.]

Later in the charge the judge instructed the jury as follows:

"Now, Ladies and Gentlemen of the Jury, the Court instructs you that upon this evidence you may return a verdict of guilty or not guilty bearing in mind the only question that you are to consider and *the only question that you are to decide* is whether or not at the time the defendant was arrested or attempted to be arrested by Officer Pearce, he had drunk a sufficient quantity of alcoholic beverage to cause him to lose the normal control of either his physical faculties or his mental faculties or both to an appreciable extent." [Emphasis ours.]

Though undoubtedly rooted in a momentary oversight by the trial judge, the prejudicial error in these instructions is patent. The following well-established principles are stated in *State v. Swaringen,* 249 N.C. 38, 105 S.E. 2d 99:

"The crime with which defendant Swaringen was charged consists of two essential elements: (1) driving a motor vehicle on the public highways, and (2) operation of such vehicle while under the influence of intoxicating liquors. *S. v. Hairr,* 244 N.C. 506, 94, S.E. 2d 472.

"The criminal charge directed at defendant Thomas consists of these two elements plus the asserted fact that he aided and abetted in such operation.

"Defendants' pleas of not guilty put in issue each essential element of the crimes charged. *S. v. McLamb*, 235 N.C. 251, 69 S.E. 2d 537; *S. v. Cuthrell*, 233 N.C. 274, 63 S.E. 2d 549; *S. v. Brown*, 225 N.C. 22, 33 S.E. 2d 121; *S. v. Yow*, 227 N.C. 585, 42 S.E. 2d 661.

"The State had the burden of establishing beyond a reasonable doubt each element of the crime. Proof must be made without intimation or suggestion from the court that the controverted facts have or have not been established. G.S. 1-180.

"The assumption by the court that any fact controverted by a plea of not guilty has been established is prejudicial error. *S. v. Cuthrell*, 235 N.C. 173, 69 S.E. 2d 233; *S. v. Love*, 229 N.C. 99, 47 S.E. 2d 712; *S. v. Snead*, 228 N.C. 37, 44 S.E. 2d 359; *S. v. Minton*, 228 N.C. 15, 44 S.E. 2d 346; *Ward v. Mfg. Co.*, 123 N.C. 248.

"The fact that the expression of opinion was unintentional or inadvertent does not make it less prejudicial. *S. v. Canipe*, 240 N.C. 60, 81 S.E. 2d 173; *Miller v. RR.*, 240 N.C. 617, 83 S.E. 2d 533; *S. v. Shinn*, 234 N.C. 397, 67 S.E. 2d 270; *S. v. Simpson*, 233 N.C. 438, 64 S.E. 2d 568.

"Nor does the manner in which counsel examines the witnesses or argues the case to the jury justify the court in assuming the existence of an essential fact. *S. v. Ellison*, 226 N.C. 628, 39 S.E. 2d 824. There must be a judicial admission before the existence of an essential element of a crime can be stated as a fact. *S. v. Hairr, supra.*"

Even if we could hold, in the light of defendant's testimony, that the quoted portions of the charge were not so prejudicial in this particular case as to require a new trial, other errors in the charge do make this necessary.

In recapitulating the testimony and, more grievously, in stating what was said to be the State's contentions, the judge violated the prohibition against expressing an opinion on the evidence and merits of the case. G.S. 1-180. Such expressions of opinion entitle the defendant to a new trial. *State v. Maready,*

269 N.C. 750, 153 S.E. 2d 483; *State v. Stroud* and *State v. Mason* and *State v. Willis*, 10 N.C. App. 30, 177 S.E. 2d 912; *Voorhees v. Guthrie*, 9 N.C. App. 266, 175 S.E. 2d 614; *State v. Watson*, 1 N.C. App. 250, 161 S.E. 2d 159.

New trial.

Chief Judge MALLARD and Judge PARKER concur.