STATE OF NORTH CAROLINA v. JOHN DAVID McLEAN, JR., AND JAMES WILLIE McALLISTER

No. 7310SC199

(Filed 28 March 1973)

1. Criminal Law § 114— expression of opinion in stating contentions of the State

In this prosecution of three defendants for crime against nature, the trial judge expressed an opinion in violation of G.S. 1-180 when he charged the jury (1) that the State contended that the prosecuting witness, a prisoner, was a young man whose punishment "was never intended to include a gang rape, and that this prisoner is entitled to

the same protection against this kind of degrading and vicious crime as any other citizen," and (2) that the State contended that the testimony of the victim "was corroborated and strengthened by the testimony of another prisoner, James Gaddy, an eyewitness, and by the testimony of the staff nurse, who certainly has no interest at all in the outcome of this case."

2. **Criminal Law §§ 113, 168— misstatement of evidence — prejudicial error**

In this prosecution of three defendants for crime against nature wherein a witness testified that he saw two of the defendants sexually assault the victim, the trial judge committed prejudicial error in recapitulating the testimony of the witness when he stated that the witness testified that he saw the third defendant sexually assault the victim.

APPEAL by defendants from *Clark, Judge,* 9 October 1972 Criminal Session of WAKE County Superior Court.

Defendants were tried on valid bills of indictment charging each with having committed a crime against nature, prohibited by G.S. 14-177. The defendants tendered a plea of not guilty but were found guilty by jury verdict, and each was sentenced to a term of imprisonment of not less than eight years nor more than ten years, to begin at the expiration of any sentence theretofore imposed and unserved.

The evidence for the State tended to show that at about 2:00 p.m. on 28 April 1972 the two appealing defendants and one James Snyder (who was acquitted) entered the cell of Raymond Terry Davis, all of them being prisoners at the Central Prison in Raleigh. Davis testified that all three individuals beat him physically, removed his clothing, forced him at knifepoint to a bunk in his cell, and that each of them had anal intercourse with him.

James Gaddy, another prisoner, testified that he saw all three defendants (including Snyder) in Davis's cell and that he saw McLean and Snyder sexually assault Davis. He did not testify that he saw McAllister sexually assault Davis.

James R. Taylor testified that he was a health officer employed by the Department of Correction at Central Prison on 28 April 1972, and that he examined Davis on that day at about 8:00 p.m. Taylor observed that Davis's rectum was red, the anus slightly dilated, and that Davis appeared to be emotionally upset. He gave Davis an anesthetic ointment commonly used for rectal ailments.

Although he refused to identify his assailants until he was separated from other prisoners, Davis identified the three men some five or six days after the crime by picking their pictures out from among seven or ten photographs.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*Gulley & Green by Charles P. Green, Jr. for defendant appellant McLean.*

*Joyner & Howison by G. Clark Crampton for defendant appellant McAllister.*

CAMPBELL, Judge.

[1] Several of the defendants' assignments of error challenge the propriety of statements made by the trial judge while charging the jury.

The trial judge stated the contentions of the State in the following manner:

"The State says and contends that you should find each defendant guilty as charged; State says and contends that in this case the victim of this assault was a young man who had been sentenced to prison for a law violation and that his punishment for this offense was a term in confinement, but that the court's punishment certainly was never intended to include a gang rape, and that this prisoner is entitled to the same protection against this kind of degrading and vicious crime as any other citizen.

"That the testimony of this victim was not unsupported, but it was corroborated and strengthened by the testimony of another prisoner, James Gaddy, an eyewitness, and by the testimony of the staff nurse, who certainly has no interest at all in the outcome of this case, so the State says and contends, and fully supports the testimony of the witness Davis with physical evidence as to his condition, both physical, emotional and mental."

In recapitulating the testimony of James Gaddy the court charged:

"That McAllister pulled Davis's pants down and defendant McLean went on with his sex act and then Snyder got in on the bunk with Davis and then McAllister."

G.S. 1-180, while it cannot insure the impartiality of the trial judge, does require that he not express any opinion to the jury as to the merit of the case being tried. Even if the trial judge undertakes to state the contentions of the parties in a criminal case, which he is not required to do, the expression of an opinion therein must be held to be prejudicial error. *State v. Stroud* and *State v. Mason* and *State v. Willis,* 10 N.C. App. 30, 177 S.E. 2d 912 (1970). In stating the contentions the trial judge must be extremely careful, for arguments proper on the part of counsel may be highly improper if repeated by the bench.

It has long been held in this State that even the slightest intimation from a judge as to the strength of the evidence, or as to the credibility of a witness, will always have great weight with a jury; and, therefore, the court must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial. *State v. Ownby,* 146 N.C. 677, 61 S.E. 630 (1908).

Accordingly, it is error for the trial judge to intimate that controverted facts have or have not been established, *State v. Hall,* 11 N.C. App. 410, 181 S.E. 2d 240 (1971); *State v. Mitchell,* 260 N.C. 235, 132 S.E. 2d 481 (1963); or to place before the jury in a statement of contentions matter which they should not take into consideration in arriving at a verdict, *State v. Pillow,* 234 N.C. 146, 66 S.E. 2d 657 (1951). It is error to intimate an opinion as to the relative strength or weakness of a party's case, or the credibility of his witnesses, *State v. Rhinehart,* 209 N.C. 150, 183 S.E. 388 (1936); *State v. Stroud* and *State v. Mason* and *State v. Willis, supra;* or to make any statement such as to invoke sympathy for the prosecuting witness, thereby bolstering that testimony, *State v. Woolard,* 227 N.C. 645, 44 S.E. 2d 29 (1947).

To tell the jury, even in the form of a contention, that the prosecuting witness was a young man whose punishment for law violation "was never intended to include a gang rape, and that this prisoner is entitled to the same protection against this kind of degrading and vicious crime as any other citizen," is no less an invocation of sympathy than the statement made in *State v. Woolard, supra,* in which the trial judge stated in the presence of the jury that "you people cannot laugh at the predicament of this poor little girl; the only difference between you and she is that you haven't been caught."

The error in the instant case is similar in nature to the statement made by the trial judge in *State v. Kline,* 190 N.C. 177, 129 S.E. 417 (1925), in which the judge said to the jury, " 'If the evidence is believed it was a terrible wrong which was done this young man, and a cold-blooded, cruel assault was committed upon him. . . . ' " The *Kline* opinion ordered a new trial due to the prejudicial nature of the above statement.

Further, it is error to speak of the impartiality of a witness in such a manner as to emphasize the credibility of his testimony, or to emphasize to the jury that the testimony of the prosecuting witness was corroborated by other testimony. Either conduct of the trial judge constitutes the expression of an opinion, which is prohibited.

It was held in *State v. Ownby, supra,* a prosecution for embezzlement, that the court's charge that the prosecuting witnesses were " ' "not interested one cent in the result of this suit. It makes no difference how it may go with them" ' " was prejudicial error, constituting a statement of opinion as to the weight and credibility of the evidence.

A statement by the trial court, in *State v. Benton,* 226 N.C. 745, 40 S.E. 2d 617 (1946), that the police were disinterested and worthy of belief, that the physician testifying for the State was an expert and corroborated the prosecutrix's testimony, together with a later statement that the evidence was "rather clear," was prejudicial error.

In *State v. Maready,* 269 N.C. 750, 153 S.E. 2d 483 (1967), the trial judge repeated a contention of the State to the effect that a police witness had no interest in the case, and therefore was worthy of belief. That statement was held to be prejudicial error. To the same effect is the case of *State v. Byrd,* 10 N.C. App. 56, 177 S.E. 2d 738 (1970), in which the court's charge included the statement that an officer's testimony was substantially the same as another witness. Such charge was error; it told the jury that the State's evidence was corroborated, the question of corroboration being, on the contrary, a jury question.

[2]   Further, we feel that the misstatement by the trial court of the testimony of the witness Gaddy to the effect that Gaddy saw defendant McAllister sexually assault Davis was highly prejudicial; the court effectively told the jury that not only was there evidence that McAllister committed the crime, but there

was also an "eyewitness" to his commission of the crime who corroborated the statement of the prosecuting witness. The evidence in the record does not support any such charge, and actually contains testimony contrary.

Because of the inadvertent but prejudicial statements made by the trial judge, we feel that both defendants are entitled to a new trial. A new trial being required, it is unnecessary to discuss any other assignment of error as they may not arise again.

New trial.

Judges MORRIS and PARKER concur.