STATE OF NORTH CAROLINA v. JIMMIE MARSHALL VICKERS, ALIAS JAMES LARRY CORWIN

No. 748SC527

(Filed 3 July 1974)

**Larceny § 7— larceny after breaking and entering — articles not removed from premises**

 The State's evidence was sufficient for the jury in a prosecution for larceny after breaking and entering where it tended to show that a store had been broken and entered, that defendant was found inside the store, that tools belonging to the store had been taken from various locations in the store and commingled in the area of the store's safe with other tools brought there by defendant and his companion and that an electric saw belonging to the store had been placed near the exit door.

ON *certiorari* to review trial and judgment of *Martin,* *(Perry) Judge,* 18 January 1973 Session of WAYNE Superior Court.

Heard in the Court of Appeals 17 June 1974.

The defendant was tried on four bills of indictment containing five charges. The first bill charged him with felonious breaking and entering the premises of Sears Roebuck & Company on North Berkeley Boulevard in Goldsboro in the first count. In a second count the defendant was charged with felonious larceny after breaking and entering the Sears Roebuck & Company building. In another bill the defendant was charged with attempted safecracking. In a third bill he was charged with possession of offensive and dangerous weapons designed for use in burglary and other housebreaking. In a fourth bill he was charged with felonious possession without lawful excuse of implements of housebreaking. He was found not guilty by

the jury of attempted safecracking. He was found guilty by the jury on all the other charges, but the court sustained the defendant's motion to set aside the verdict in the case involving unlawful possession of dangerous offensive weapons and in the case involving the unlawful and felonious possession without lawful excuse of implements of housebreaking. The defendant was found guilty on the charge of breaking and entering and likewise on the charge of felonious larceny after breaking and entering and was given successive sentences of not less than nine nor more than ten years in the State's prison.

This Court granted a writ of certiorari to review the trial and judgment.

*Attorney General Robert Morgan by Assistant Attorney General Parks H. Icenhour for the State.*

*Roland C. Braswell for defendant appellant.*

CAMPBELL, Judge.

The State's evidence would support a finding of facts as follows:

Between 1:00 and 2:00 a.m. Sunday morning, 12 November 1972, the Goldsboro Police were alerted by a peculiar noise emanating through the burglar alarm system of the Sears Roebuck premises. The assistant manager of Sears Roebuck was called and met a police officer at the premises. Nothing unusual was observed on the outside of the premises. The assistant manager deactivated the alarm system from the outside entrance, and he and the police officer went inside. They then went to the area where the safe was located and which had a separate alarm system connected thereto. On arriving in the area of the safe they discovered the defendant and a companion in the vicinity of the safe. There was found in the vicinity a blue satchel-type bag and an olive drab Army napsack and two coats. Numerous tools such as wire cutters, small picks, jumper wires with alligator clips on them, bolt cutters, pry bars, screwdrivers, two skill saws, an electric hand saw and several electric extension cords were found in the area. Some of this equipment was not identified as belonging to Sears Roebuck, but other portions of it were identified as belonging to Sears Roebuck. The items that belonged to Sears Roebuck had been removed from the places where they ordinarily stayed in the building. The distance from where these articles were ordi-

narily kept varied from 50 feet to 200 feet. A hacksaw and hacksaw blades were identified as being property of Sears Roebuck and had been recently used. Chains and bolts on doors had been cut. On the roof of the building there was a penthouse with a hole torn in the side and two ladders were found on the roof next to the hole. The back doors of the building had been unfastened and the alarm system attached to those doors had jumper wires attached to the junction box which deactivated the alarm system. The defendant had an empty gun holster on his belt. Two loaded pistols were found under the safe. The safe had also been tampered with but had not been entered.

There was ample evidence of felonious breaking and entering. The defendant asserts that the evidence was insufficient to sustain the charge of larceny after breaking and entering for that nothing had actually been removed from the premises. We do not agree. Merchandise of Sears Roebuck had been commingled with the other tools brought there by the defendant and his companion, and one of the electric skill saws had been placed near the exit door. An intent to take these articles, when the defendant and his companion left, could be inferred.

The judge fully charged the jury on all the essential elements of larceny, including the element of asportation. In fact, no exception was taken to the charge.

The record in this case was nearly 100 pages in length, and over half of it was unnecessary to present the legal questions the defendant argued. The record in this case was printed at the expense of the taxpayers, as the defendant was an indigent. Much money could be saved if the attorneys would only bring forward a record sufficient to amply present the questions involved and not unnecessary portions of the trial. In this regard, the judge's charge containing more than 20 pages could have been eliminated since no exception was taken thereto.

We call attention to the following in the court's charge:

"Now, the law imposes upon the court at this time a responsibility that seems to be unnecessary in the minds of many people including myself. That is to review the facts. You have just heard the facts. You have just heard two fine lawyers argue the facts. . . ."

We wish to call attention to the fact that the law does not require the judge to review the facts and take up each wit-

ness that has testified one by one and repeat the testimony of the witness. The duty imposed upon the trial judge is to review only so much of the testimony as is necessary for him to apply the law. The statute G.S. 1-180 specifically provides:

". . . He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; . . ."

In the instant case the defendant has had a trial free of prejudicial error, and we find no error.

No error.

Judges BRITT and PARKER concur.