STATE OF NORTH CAROLINA v. JOSEPH MARION HEAD, JR.

No. 7429SC892

(Filed 5 February 1975)

**Criminal Law § 114; Rape § 6— expression of opinion in jury charge — prejudicial error**

>      In a prosecution for rape and crime against nature, the trial court committed prejudicial error by expressing an opinion on the evidence when he instructed the jury that there was "considerable evidence" that defendant committed the crime charged and when he went on to say "not satisfied with that, the evidence tends to show that he [the defendant] again had intercourse with her. . . ."

APPEAL by defendant from *Crissman, Judge,* 6 August 1974 Session of Superior Court held in RUTHERFORD County. Heard in the Court of Appeals on 16 January 1975.

This is a criminal prosecution wherein the defendant, Joseph Marion Head, Jr., was charged in separate bills of indictment, proper in form, with the felonies of rape and crime against nature.

Defendant entered a plea of not guilty to each charge, and the State offered evidence tending to show the following: At approximately 6:00 p.m. on 15 April 1974, Sheene Marie Griffin was walking along the Asheville Highway near Spartanburg, S. C., when the defendant, accompanied by Arnold Cooper, offered to give her a ride. Rather than taking Miss Griffin to Whitney, S. C., about five miles from Spartanburg, as they had promised, the defendant and Cooper bought some beer and began "riding around all over the place . . . . " They crossed over into North Carolina, and sometime after dark the defendant parked his pickup truck at an isolated spot along a dirt road in Rutherford County. At this point, the defendant hit Miss Griffin in the face and threatened her with a large knife resembling a machete. He ordered her to take off her clothes and forced her to have intercourse with him. Several minutes later, defendant raped Miss Griffin a second time. Miss Griffin further testified that the defendant forced her to commit the act of fellatio. The State also offered the testimony of Arnold Cooper, who corroborated the testimony of Miss Griffin.

Defendant testified in his own behalf that Miss Griffin had agreed to have intercourse with him for $20.00 and a ride halfway to Myrtle Beach, S. C., and that he did have intercourse

State v. Head

with her on that basis. Miss Griffin became angered, however, when he refused to pay her. Defendant also denied the act of crime against nature.

The jury found the defendant guilty of second degree rape and crime against nature. From consecutive sentences of thirty-five (35) years for rape and ten (10) years for crime against nature, defendant appealed.

*Attorney General Edmisten by Associate Attorneys Raymond L. Yasser and Joan H. Byers for the State.*

*Robert L. Harris and Robert W. Wolf for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of his timely motions for judgment as of nonsuit. However, when the evidence is considered in the light most favorable to the State, it is clearly sufficient to require submission of these cases to the jury. This assignment of error is overruled.

Defendant further contends the trial judge erred to defendant's prejudice when he instructed the jury that "there was some evidence . . . *considerable evidence* that [the defendant] took [Miss Griffin's] clothes off and that she was saying, 'no, no' all the time, but that he proceeded to have intercourse [with her] . . . " and when the judge stated, "[n]*ot satisfied with that*, the evidence tends to show that he [the defendant] again had intercourse with her . . . . " [Emphasis ours.] Defendant argues that the trial judge expressed an opinion in violation of G.S. 1-180 by these statements as to the weight and credibility of the State's evidence.

G.S. 1-180 in pertinent part provides: "No judge, in giving a charge to the petit jury in a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury . . . . " It has long been held in this State that even the slightest intimation from a judge as to the strength of the evidence, or as to the credibility of a witness, will always have great weight with a jury; and, therefore, the court must be careful to see that neither party is prejudiced by an expression from the bench which is likely to prevent a fair and impartial trial. *State v. Ownby*, 146 N.C.

677, 61 S.E. 630 (1908) ; *State v. McLean,* 17 N.C. App. 629, 195 S.E. 2d 336 (1973).

The instruction challenged by this exception clearly amounts to an expression of opinion on the part of the trial judge upon the critical evidence tending to show that the defendant committed the crimes charged. By stating that there was "considerable evidence," we think the trial judge inadvertently intimated to the jury his opinion as to the sufficiency of the evidence. Moreover, we think the judge's use of the phrase "[n]ot satisfied with that" again intimated to the jury that it was his opinion that the defendant had raped Miss Griffin.

Since there must be a new trial, it is not necessary that we discuss defendant's additional assignments of error.

For error in the charge there must be a

New trial.

Judges MORRIS and PARKER concur.