STATE OF NORTH CAROLINA v. SHARON MOORE

No. 765SC483

(Filed 1 December 1976)

1. Criminal Law § 118— charge on parties' contentions — prejudicial error

    In a prosecution for second degree murder, the trial judge's statement of the State's contentions amounted to an expression of opinion on the facts in violation of G.S. 1-180; moreover, defendant was particularly prejudiced by the court's misstatements of defendant's contentions which amounted to misstatements of the evidence.

2. **Criminal Law § 163— error in judge's statement of contentions — necessity for calling attention to**

Ordinarily, it is the responsibility of the parties to bring to the judge's attention any errors in the statement of contentions; however, where the misstatement of a contention upon a material point includes an assumption of evidence entirely unsupported by the record, the misstatement must be held prejudicial, notwithstanding the absence of timely objection.

APPEAL by defendant from *Martin (Perry), Judge.* Judgment entered 8 January 1976 in Superior Court, PENDER County. Heard in the Court of Appeals 20 October 1976.

Defendant was tried on a bill of indictment charging her with second degree murder of her husband, Theodore Moore. The State's evidence tended to show that on the evening of 26 July 1975 defendant and her husband had been to a night club in Currie. They both had been drinking; Theodore had been drinking heavily. They returned to their mobile home in Canetuck about 1:30 a.m. on 27 July 1975. Theodore Moore, unsatisfied with the evening, left home alone and stayed out all night. He was driven home at approximately 6:30 a.m. on 27 July by his nephew, Barry Moore, who testified that Theodore was too drunk to drive himself home. The defendant and Theodore Moore's uncle, Germie Moore, were present at the trailer. Defendant got in the car, and she and Theodore Moore drove off. They returned a short time later. Theodore Moore entered the mobile home where Barry and Germie Moore were seated. He went to the refrigerator to get a beer. The defendant then entered the trailer, at which time Theodore Moore complained that someone had been "messing" with his beer. The defendant then walked into a room where she and Theodore Moore kept liquor for sale and where Theodore Moore kept several firearms including a .22 caliber rifle.

There was testimony for the prosecution that the defendant then called Theodore into the room; that he walked to the room carrying his beer; that as he entered through the doorway, he said "Oh no"; and that immediately thereafter defendant shot Theodore Moore in the chest with the .22 caliber rifle.

The defendant's evidence tended to show that after Theodore was brought home by Barry Moore, the defendant tried to take him to her mother's house because her mother could handle him when he was drunk. When Theodore discovered their desti-

nation, he hit the defendant and had her bring him back home. After arriving back at the trailer, Theodore Moore accused the defendant of messing with his beer and said, "Woman, I am going to kill you." She replied, "Oh, to hell with it. You will have to kill me because I am leaving." She then went into the room where the rifles were located to get her shoes. Theodore Moore then picked up a sawed-off pool cue that he used for a club and followed her into the room. Defendant testified that Theodore had no beer with him when he entered the room. Once in the room he began to choke the defendant. She pushed him off, and during this scuffle she felt the rifle beside her. She picked it up to strike him with the barrel. The victim grabbed the barrel, and the rifle fired wounding him in the chest. The club was not found by the investigating officer, but a beer bottle was discovered under the bed in the room where the shooting had occurred.

The jury returned a verdict of guilty of second degree murder. The defendant was sentenced to a term of fifty years. From the verdict and judgment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Ralph F. Haskell, for the State.*

*Gary E. Trawick for the defendant.*

BROCK, Chief Judge.

[1] The defendant assigns error to statements made by the trial judge in his instructions to the jury. The defendant maintains that the trial judge's statement of the State's contentions amounted to an opinion on the facts in violation of G.S. 1-180 and that this error was compounded by the trial judge's misstatement of the defendant's contentions.

General Statute 1-180 reads as follows:

"*Judge to explain law, but give no opinion on facts.—* No judge, in giving a charge to the petit jury in a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case. He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided the judge

shall give equal stress to the State and defendant in a criminal action."

In his instructions the trial judge explained to the jurors that he was going to review the evidence necessary for them to understand his charge as to the law. Rather than summarize the evidence however, he proceeded to state the contentions of the parties, which in pertinent part are as follows:

"The State further contends that the defendant is a large, strong woman, able to defend herself against a highly intoxicated man without the use of any type of force or deadly weapon other than her own hands.

"The State further contends that the defendant lured her husband into the door of the bedroom by calling him and that this was heard and seen by two witnesses that have testified in this case and that after she lured him into the bedroom she shot him in the right chest with a .22 semiautomatic rifle; that the bullet penetrated the body and caused the death of this helpless man";

*        *        *

"The State contends that it would be totally unreasonable for you to believe that the defendant or anyone else would go into a one door bedroom with only one way to get out, call her husband in there, possess a deadly weapon such as a .22 semiautomatic rifle, unless her motive and intent was to kill him or at least to cause him serious bodily harm.

"The State also says that the deputy sheriff's testimony in this case indicates that the State's witnesses told him basically the same thing on the date of the killing as they have testified to in this courtroom, which the State says would indicate they have told you the truth.

"The State further says there could be no reasonable doubt in the minds of any reasonable man or woman that considered all of the evidence in this case and the Court's charge as to the law."

*        *        *

"She further says that you should not hold the fact against her that she had an offense of prostitution in the City of New York, for she returned to this county, lived

among you as one of your citizens and lived with Theodore Moore and subsequently married him.

"She further contends that on the date of the killing she and her husband were busy working together, cleaning the house, washing the automobile, selling liquor, drinking liquor, and that that night after a good day of working together selling and drinking some liquor that they went out to a club and stayed until well after midnight or something like two o'clock in the morning";

\*    \*    \*

"That she was likewise concerned about him the next morning. She got up early in the morning; her husband came home drunk and that when he came home that he followed her in the bedroom, although she admitted she called him in there, and that he came in that bedroom with a sawed-off pool stick, and that when he came in there he began to choke her, kicked her, and she pushed him back with one hand and he stumbled and fell on the bed, and that while he was getting up she picked the butt end of the rifle and attempted to hit her husband on the bed with the barrel end of the rifle and that her husband grabbed the barrel and the rifle went off as she, the defendant, herself was being assaulted by her husband lying on the bed and in the process of attempting to get up."

\*    \*    \*

"The defendant not only contends that there is evidence in this case of involuntary manslaughter, but she more strenuously contends that there is evidence in this case that she acted in self-defense and says therefore that you must not convict her of murder, or of manslaughter unless you first find beyond a reasonable doubt that the defendant did not act in proper self-defense."

It is in stating the contentions of the parties in criminal cases that errors frequently arise. The trial judge is not required to state the contentions of the parties. He is, however, required by G.S. 1-180 not to express any opinion to the jury about the merits of the case. Doubtless, his honor was influenced in his statement of contentions by the arguments of counsel to the jury, but contentions which may be argued properly by counsel may be highly improper when stated by the judge. *State v. McLean,* 17 N.C. App. 629, 195 S.E. 2d 336 (1973).

The trial judge must be extremely careful in that an argument by the district attorney, when repeated by the court as a contention, may give undue emphasis that would weigh too heavily upon the defendant. *State v. Stroud* and *State v. Mason* and *State v. Willis,* 10 N.C. App. 30, 177 S.E. 2d 912 (1970).

> "It has long been held in this State that even the slightest intimation from a judge as to the strength of the evidence, or as to the credibility of a witness, will always have great weight with a jury; and, therefore, the court must be careful to see that neither party is unduly prejudiced by any expression from the bench which is likely to prevent a fair and impartial trial." *State v. McLean, supra* at 632.

If the statement of a contention amounts to the expression of an opinion, it must be held prejudicial error even though unintended by the trial judge. *State v. Stroud, supra.*

The review of the contentions by the trial court stated that the victim was "helpless" against the attack, an assumption unsupported by the evidence in this record. The court stated that the prosecution's witnesses were truthful because their testimony was the same as that given the authorities immediately after the killing. This is a determination which should be reserved for the jury. *State v. Byrd,* 10 N.C. App. 56, 177 S.E. 2d 738 (1970). Of particularly harmful effect were misstatements by the court of the defendant's contentions, which amounted to misstatements of evidence. For instance, the court said that the defendant admitted that she had called the victim into the bedroom where the shooting took place. The defendant's evidence was to the contrary. The court said that the defendant contended there was evidence of involuntary manslaughter. This expression is unsupported by the record. The fact is defendant contended only that she acted in self-defense. Though unintended, the judge's statement of contentions amounted to a prejudicial statement of opinion prohibited by G.S. 1-180.

[2]   This Court is well aware that ordinarily it is the responsibility of the parties to bring to the judge's attention any errors in the statement of contentions. However, "[w]here the misstatement of a contention upon a material point includes an assumption of evidence entirely unsupported by the record, the

misstatement must be held prejudicial, notwithstanding the absence of timely objection." *State v. Stroud, supra* at 37.

Stating in detail the contentions of the parties too often improperly colors the judge's instructions.

> "In charging the jury in a criminal case, the trial judge would be well advised to refrain from giving any contentions of the State or the defendant. However, if the judge feels that it is absolutely necessary that he give some contentions, it would appear that language to the effect that the State contends the defendant ought to be found guilty and the defendant contends that he ought not to be found guilty would be a sufficient statement of the contentions. At least, this would be giving equal stress to the State and the defendant." *State v. Stroud, supra* at 38 (Mallard, C. J., concurring).

Because of the prejudicial expressions of the trial judge, the defendant is entitled to a new trial.

The law does not require the trial judge to review all of the evidence nor to recapitulate the testimony of the witnesses one by one. The duty imposed upon the trial judge is to summarize only so much of the evidence as is necessary for him to apply the law. *State v. Vickers,* 22 N.C. App. 282, 206 S.E. 2d 399 (1974). General Statute 1-180 specifically provides: " . . . He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto . . . "

However, in this case the trial judge did not at any time summarize, review, or state the evidence on the substantive features of the case. His only reference to the evidence was contained in the rather detailed review of the contentions of the parties.

We have not addressed the remaining assignments of error brought forward by defendant because they are not likely to occur upon a new trial.

New trial.

Judges PARKER and HEDRICK concur.