STATE OF NORTH CAROLINA v. JOSEPH MARION HEAD, JR.

No. 7729SC31

(Filed 15 June 1977)

Criminal Law § 114.2— jury instructions — "evidence further shows" — no expression of opinion

The trial court's use of the phrase, "the evidence further shows," in instructing the jury did not violate G.S. 1-180 and was not reversible error where the court used that phrase three times but at all other times used the phrase, "the evidence tends to show"; the jurors were clearly and emphatically instructed that they were the sole finders of fact; and the judge told the jurors that he was going to use the phrase, "the evidence tends to show," and why he was going to use it.

APPEAL by defendant from *Baley, Special Judge.* Judgment entered 11 August 1976 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 31 May 1977.

*Attorney General Edmisten, by Associate Attorney Patricia B. Hodulik, for the State.*

*J. H. Burwell, Jr., for defendant appellant.*

ARNOLD, Judge.

In this case defendant appeals from a conviction of second degree rape of a sixteen-year-old girl. He was originally indicted for rape and crime against nature, and in 24 N.C. App. 564 (1975), this Court awarded a new trial. In 28 N.C. App. 592 (1976), no error was found in defendant's subsequent conviction for the crime against nature.

Defendant argues on this appeal that the trial judge expressed an opinion on the evidence against him because, on three occasions, he prefaced his recapitulation of evidence with the words "the evidence further shows" instead of the customary phrase, "the evidence further *tends* to show."

We have carefully read the judge's entire charge. It is impeccable save in the single respect noted above. The jurors were clearly and emphatically instructed that they were the sole finders of fact. Both before and after his recapitulation of the evidence the judge emphasized that his recapitulation was only a summary, that it was not a complete summary, that each juror should rely on his own recollection of the evidence, and that what the evidence in fact proved was a question which only the jury could answer. The judge particularly emphasized this point, saying before he began his summary,

"The Court will refer to this evidence as 'the evidence tends to show.' That is a deliberate statement, because it is a matter for you to determine what the evidence actually does show."

Then, at all times during the recapitulation, except the three times to which the defendant objects, the judge used the time-honored phrase "the evidence tends to show."

The judge's three lapses from customary expression were clearly accidental. Because the jurors had been told to expect the accepted phrase, and because they usually heard the accepted phrase, the jurors realized that the deviations were inadvertent and meaningless. The jury's verdict could not have been influenced by these slips of the tongue. In this case the use of the expression "the evidence further shows" did not violate G.S. 1-180 and was not reversible error. *See, State v. Case,* 253 N.C. 130, 116 S.E. 2d 429 (1960) ; *State v. Monticth,* 23 N.C. App. 498, 209 S.E. 2d 289 (1974), *cert. den.* 286 N.C. 419, 211 S.E. 2d 799 (1975).

We find

No error.

Judges BRITT and VAUGHN concur.